## E. C. ROBINSON LUMBER CO. v. FORT et al.

### No. 1531.

United States District Court
E. D. Missouri, S. E. D.
May 6, 1953.

McHaney & McHaney and Flake L. McHaney, of Kennett, Mo., for plaintiff.

Ford & Ford, of Kennett, Mo., Jones & Jones and Langdon R. Jones, of Kennett, Mo., for defendant.

Oliver & Oliver and Gerald B. Rowan, of Cape Girardeau, Mo., for garnishee.

HULEN, District Judge.

We have for ruling defendant Mary K. Fort's motion to remand, based on lack of jurisdiction. The motion presents two questions: first, whether a garnishment proceeding in aid of execution may be removed from the State court because of diversity of citizenship between the garnishor and garnishee, where the garnishee initially contested his liability under an insurance policy; second, whether this Court has jurisdiction of an interpleader action where there is diversity of citizenship between the claimants and the stakeholder, but not between the claimants. We hold that the garnishment proceeding is removable and this Court has jurisdiction of the interpleader action.

On June 9, 1952, the garnishor obtained a judgment on a note against Mary K. Fort individually and as administratrix of the estate of Johnnie Fort. Mary K. Fort was the beneficiary of an insurance policy on the life of Johnnie Fort, issued by the Metropolitan Life Insurance Company. On July 7 garnishor sued out a Writ of Garnishment from the Circuit Court of Dunklin County, Missouri. It was served on the Metropolitan Life Insurance Company garnishing whatever funds it might be holding due and owing to Mary K. Fort. The garnishee then removed to this Court. During the State court proceedings the garnishee was refusing to pay Mary K. Fort, the beneficiary of the policy, claiming the insured had committed suicide which prevented recovery on the double indemnity clause of the policy, and the insured had the intention to commit suicide when the

policy was issued, thus preventing any recovery on the policy.

On December 23 garnishee filed answer containing interpleader proceeding and secured leave to add Mary K. Fort, beneficiary, as a party to the garnishment proceeding and interplead her and the garnishor. In this interpleader action garnishee admitted liability as to the face amount of the policy, but denied any liability on the double indemnity clause. The face amount of the policy appears to be more than sufficient to cover the amount of garnishor's judgment.

Summons was issued and served on Mary K. Fort on January 19, 1953. Mary K. Fort then within 20 days filed this motion to remand to the State Court on the grounds that the garnishment proceeding was not removable because there was no controversy between garnishor and garnishee, and that there was no diversity between garnishor and defendant Mary K. Fort.

Stoll v. Hawkeye Casualty Co., 8 Cir., 1950, 185 F.2d 96 is authority that garnishment proceedings are now removable. Whether garnishment proceedings were removable formerly turned on whether under the law of the State in which the proceeding was brought it was considered an ancillary or independent action. If it was ancillary, it was not removable. See Brucker v. Georgia Casualty Co., D.C.E.D.Mo.1926, 14 F.2d 688. However, in the Stoll case the Court of Appeals for the Eighth Circuit held "The question whether a civil action is removable and has been properly removed is one for the consideration of the federal court and is not controlled by State law." [185 F.2d 99.]

If this case presents a justiciable controversy between citizens of different States, involving more than $3,000, this Court now has jurisdiction.

Garnishor is a resident of Missouri. The garnishee is a resident of New York. At the time the petition for removal was filed, the garnishee was contesting its liability under the life insurance policy it had issued on the life of Johnnie Fort.[1]

Defendant Mary K. Fort urges that the Court has no jurisdiction of this action as a suit in interpleader because there is no diversity between the claimants. If this were an interpleader suit under 28 U.S.C.A. § 1335, defendant's contention would be correct. But garnishee does not bring this interpleader under that section. Jurisdiction is based on diversity of citizenship between the claimants and stakeholder and the case is an ordinary diversity case based on 28 U.S.C.A. § 1332. The scope of the remedy is governed by Fed. Rules Civ.Proc. rule 22, 28 U.S.C.A.

Defendant cites Treinies v. Sunshine Mining Co., 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85, as inferentially ruling that there is no jurisdiction in the Federal court in interpleader suits where there is no diversity between the claimants. However, the Supreme Court expressly refused to rule on this situation when it said:

"We do not determine whether the ruling here is inconsistent with the conclusion in those cases where jurisdiction was rested on diversity of citizenship between the applicant and co-citizens who are claimants. [Citing cases.]" Treinies v. Sunshine Mining Company, 308 U.S. 66, 73, note 17, 60 S.Ct. 48.

In Hunter v. Federal Life Ins. Co., 8 Cir., 1940, 111 F.2d 551, 555, the Court of Appeals for this Circuit sustained the jurisdiction of the Federal court to entertain an interpleader action where the claimants were all citizens of Arkansas and the stakeholder was a citizen of Illinois. The Court said:

"While the question of federal jurisdiction under such circumstances * * * will not be finally put to rest until decided by the Supreme Court of the United States (see Treinies v. Sunshine Mining Co., 308 U.S. 66, 73, 60 S.Ct. 44, 84 L.Ed. 85), we think that the right of a stakeholder to be relieved of vexation, the danger of multiple liability, and the responsibility of undertaking to decide, at his peril, which of two or more adverse claim-

---

1. The face amount of the policy is $20,000.

ants is entitled to money or property in his hands, has the effect of making him a real party in interest."

This case is authority for upholding the jurisdiction of this Court in this character of interpleader suit under 28 U.S.C.A. § 1332.

■ That the dispute between the beneficiary and insurance company was settled, after removal, does not oust this Court of jurisdiction to dispose of any remaining issues in the case. There are still issues remaining between some of the claimants and the insurance company.

Motion to remand is overruled.