## SCHONEWEATHER

### v.

### L. F. RICHARDSON, Inc. (SEARS, ROE-BUCK & CO., third-party defendant) (two cases).

### Nos. 1024, 1025.

United States District Court
W. D. Missouri, Southwestern Division.
July 15, 1954.

Everett E. Teel, Nevada, Mo., for plaintiff.

Ewing, Ewing & Ewing, Nevada, Mo., for defendant.

Sam D. Parker, and Glenn I. Carbaugh, Kansas City, Mo., for third-party defendant.

RIDGE, District Judge.

Plaintiffs, tenants of residential property, filed claim in a court of the State of Missouri, against their landlord to recover damages for personal injuries alleged to have been caused by the negligent installation of heating apparatus in the premises in question, during the tenancy. The landlord, with the consent of the plaintiffs, openly given in the state court, summoned as a third-party defendant Sears, Roebuck and Company, who sold to the landlord the heating unit in question and contracted the installation thereof as a "turn-key job." The third-party defendant seeks removal under Section 1441(c), T. 28 U.S.C.A. of the claim made against it in the state court by the third-party plaintiff, on the ground of the existence of a "separate and independent claim" with requisite jurisdictional amount involved.

Plaintiffs and the original defendant are citizens of the State of Missouri. The third-party removing defendant is a citizen of the State of New York. On motion to remand, the removing defendant does not contest the right of the original parties to have the original claim asserted remanded to the state court, as they both presently pray. In fact, it consents to such a remand. The only contest in this removal proceeding is whether this Court can retain jurisdiction of the third-party claim which the remov-

ing third-party defendant says it has a right to have separately determined in a federal court.

■ The right of removal under Section 1441(c), supra, of a "separate and independent claim" or cause of action within the original jurisdiction of the district courts, as distinguished from a "separable controversy" as understood in removal proceedings before revision of the Judicial Code, has heretofore been considered in Butler Mfg. Co. v. Wallace & Tiernan Sales Corp., D.C.Mo., 82 F.Supp. 635. As there pointed out, a separate and independent claim, or cause of action, does not exist within the ambit of present removal statutes merely because it can be prosecuted without the presence or joinder of any other party. To now be removable, such a claim must be entirely "separate and independent" of the controversy or claim involved in the main suit. If disposition of the asserted "separate claim" is in anywise dependent on the determination of the main suit, or any issues involved in the main action, then it is not a removable claim. That is our reading and understanding of American Fire & Cas. Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702, that if "the same facts and transactions" giving rise to two or more claims and asserted against several parties in a single cause of action, whether jointly or separately, then it "cannot be said that there are separate and independent claims for relief as § 1441(c) requires" so as to sustain removal of an action from a state to a federal court. 341 U.S. loc. cit. 16, 71 S.Ct. loc. cit. 541. That being so, then we think the instant causes of action in their several parts must be remanded to the state court from whence they were attempted to be removed, for the following reasons.

Third-party practice in the State of Missouri is substantially that which exists under Rule 14, F.R.Civ.P., 28 U.S.C. A. Cf. RSMo 507.080, V.A.M.S.; State ex rel. McClure v. Dinwiddie, 358 Mo. 15, 213 S.W.2d 127. Under such practice (state or federal) an original plaintiff may accept or reject a third-party defendant as a party defendant to the main action when he is brought into court. If he is so accepted, the original plaintiff amends his complaint or files a new pleading to state a claim severally or jointly against the third-party defendant upon which relief can be granted. If the third-party defendant is rejected by the original plaintiff, then the third-party plaintiff may keep the third-party defendant in the original pending action by stating in the third-party complaint a claim against the third-party defendant which reveals the latter to be liable to the former for "all or part of the plaintiff's claim against him."

It is obvious that the purpose of such a practice is to bring into a pending action a third party who may be subject, presently or in the future, to a liability arising out of the claim, or "facts and transaction" upon which an original cause of action is based. Indeed, in states where contribution among tortfeasors cannot be enforced unless a joint judgment is obtained, third-party action, if not necessarily so, usually consists of an "action over" that is asserted and made dependent upon a recovery by the plaintiff in the original action against the original defendant upon facts that resolve liability in the "action over." A claim so asserted is in legal effect no more than the vouching in of a party "who is or may be liable" under certain "facts and circumstances" and the giving of formal notice of the pendency of a cause of action involving such "facts and circumstances," with a warning that the party brought in may or may not be bound thereby under substantive law and the particular relationship existing between the parties, and an opportunity to make a defense thereto if he so desires. A third-party claim so asserted could not in the nature of things be identical with the claim that the original plaintiff asserts against the original defendant. It is, however, a claim made in the same "cause of action" and dependent upon "facts and transaction" that are the same, or interlocked and inseparable. Hence, there is thus presented a situation

legitimately calling for a degree of differentiation between the ordinary "cause of action" concept and the term "claim". The purpose of third-party practice is to avoid trial of two claims when they should be tried together so as to save time and cost of a reduplication of evidence, and to obtain consistent results where identical or similar evidence is in issue. Therefore, to differentiate between an original claim and a third-party claim that is nothing more than an "action over," is to introduce a concept of "separability" as contrasted with the idea of a "separate and independent claim," when only one cause of action is involved.

 In the cases at bar, plaintiffs assert a claim against the defendant for negligent breach of duty arising as the result of a landlord and tenant relationship. Defendant brings in as a third party one who, he claims, "is or may be liable to him," if plaintiffs recover on such claim. The negligent acts complained of by plaintiffs are revealed as resulting from an omission of duty the third-party defendant owed to the third-party plaintiff, the original defendant. The "facts and transaction" giving rise to each such claim are inseparable. Recovery under the third-party claim is made dependent upon proof of identical "facts" that would permit recovery in the main action. Plaintiffs may or may not, under such facts and Missouri law, have a claim against defendant. The third-party plaintiff may or may not have a claim thereunder against the third-party defendant. Be that as it may, we are not called upon, or empowered, to now determine that matter. The fact remains that both claims as here asserted are for negligent breach of duty under an "interlocked series of transactions." Under an "interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." American Fire & Cas. Co. v. Finn, 341 U.S. loc.cit. 14, 71 S.Ct. loc.cit. 540; see also Henry v. Rice, D.C.Mo., 74 F.Supp. 222. That being so, removability is not here present.

If vitality is to be imparted to third-party practice in state court actions, a definition of the term "claim" as used in the present removal statute must be held to mean something more than the traditional concept of "cause of action." It must be understood as the Supreme Court conceived it to be in American Fire & Cas. Co. v. Finn, supra, i. e. a cause of action premised on "facts and transaction" that are "separate and independent" from those involved in the main action which residents of the same state have a right to have determined in their state courts.

Therefore, we conclude that no right of removal here exists in favor of the third-party defendant; and that these causes must be remanded *in toto* to the state court from which they were sought to be removed.

It is so ordered.