Jane **HOAGLAND**, Plaintiff,

v.

**Robert E. ROST**, Defendant,
**Allstate Insurance Company**, Garnishee.

No. 9428.

United States District Court,
W. D. Missouri, W. D.

Dec. 6, 1954.

Clarence C. Chilcott, Preston Forsee, Kansas City, Mo., for plaintiff.

Shughart & Thomson, Kansas City, Mo., for garnishee-petitioner.

RIDGE, District Judge.

In a suit for personal injuries, plaintiff was awarded judgment in the amount of $7,500.00 against Robert E. Rost by the Circuit Court of Jackson County, Missouri. Thereafter, in accordance with Missouri practice, Sec. 525.010 et seq., Mo.R.S.1949, V.A.M.S., plaintiff in the same action caused to be served upon the Allstate Insurance Company, a summons of garnishment in aid of the execution of her judgment. Plaintiff at the same time propounded interrogatories to the garnishee, as to any indebtedness owed by it to Rost. In answer thereto the garnishee entered a denial of any such liability. Thereupon, plaintiff filed denial of the answer so made by the garnishee. The garnishee's answer and denial by plaintiff raise the issue between the parties under Missouri practice. Thereupon, garnishee filed petition for removal of such issue from the state court to the United States District Court.

The removability of garnishment proceedings has always been subject to conflicting opinions between jurisdictions (and often within the same jurisdiction). Cf. Lahman v. Supernaw, D.C., 47 F.2d 610, with London & Lancashire Indemnity Co. v. Courtney, 10 Cir., 106 F.2d 277. There has never been a Supreme Court decision directly in point, and the positions taken by the respective Courts of Appeals regarding that matter are ir-reconcilable. See annotation at 22 A.L.R.2d 904, and the cases collected in the Stoll case, infra. Nevertheless, the garnishee here has confidently proceeded, assuming that in this Circuit the question has been definitely decided in his favor by the opinion of the Eighth Circuit Court of Appeals, in the case of Stoll v. Hawkeye Casualty Co., 185 F.2d 96, followed by the District Courts in E. C. Robinson Lumber Co. v. Frost, D.C. E.D.Mo., 112 F.Supp. 242, and Clarkin v. Worthley, D.C., 114 F.Supp. 877. We regret that we cannot so consider the rulings made in those decisions.

It must be admitted that in the Stoll case the Eighth Circuit Court of Appeals, when faced with facts similar to these, held that a garnishee under a South Dakota statute could remove the claim made against him into the Federal Courts, if the requisite diversity of citizenship between claimants and jurisdictional amount were involved. Such result was reached by holding that a garnishment proceeding was a "civil action" within the meaning of Section 1441(a) of Title 28 U.S.C.A., and hence subject to removal on that score. Such is the only holding made in the Stoll case. In light of the subsequent opinion of the United States Supreme Court in the Finn case, infra, we do not believe that the decision in the Stoll case can be extended to sustain the instant removal.

Not all "civil actions" are removable. Under the mandate of Section 1441(c), a consideration of which did not enter into the decision in the Stoll case, when any otherwise removable claim is joined with a non-removable one, as we shall see is the case here, it loses its removable nature unless it represents a "separate and independent" cause of action. Therefore, said section demands that we now consider whether a claim made against a garnishee is separate and independent, or is, rather, ancillary to and dependent upon the main action.

The Court in the Stoll case specifically refrained from passing on this question, saying, 185 F.2d 99:

"We therefore find it unnecessary to consider whether the Supreme

Court of South Dakota regards a garnishment proceeding as auxiliary and ancillary to the main action or as an independent suit, a question as to which the parties disagree. *If the question [were] important* (emphasis added) we would, no doubt, be warranted in accepting the view of the District Court [90 F. Supp. 859] upon that doubtful question of local law. Northern Liquid Gas v. Hildreth, 8 Cir., 180 F.2d 330, 336."

We believe that a subsequent decision of the Supreme Court has now made an answer to that question important.

■■■ Subsequent to the decision in the Stoll case, the Supreme Court considered the effect of Section 1441(c) on federal removal practice, in the case of American Fire Insurance Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 540, 95 L.Ed. 702. Its opinion therein has necessitated a complete reappraisal of removal practice. That opinion noting the Congressional intent to further restrict removal by abrogating the "separable controversy" test, demands that the emphasis be placed upon the words "separate" and "independent," which precludes any separation of claims arising from an "interlocked series of transactions." As was noted by the Court of Appeals for the Tenth Circuit, in Snow v. Powell, 189 F.2d 172, 174:

"The critical words 'separate' and 'independent' are used in the conjunctive and should be given their full significance in order to carry out the intent and purpose of Congress to limit removals and to simplify the determination of removability.

"The word 'separate' means distinct; apart from; not united or associated. The word 'independent' means not resting on something else for support; self-sustaining; not contingent or conditional."

Can a claim made under Missouri garnishment procedure be so described?

■■■ Garnishment is, of course, a wholly statutory remedy: the only remedy that a garnishor has is that given

him by the statute of the jurisdiction in which it is asserted. There can be no doubt that the courts of Missouri have uniformly held that the remedy provided by their statute is wholly auxiliary to and dependent on the main action. State ex rel. Auchincloss, Parker & Redpath, Inc., v. Harris, 349 Mo. 190, 159 S.W.2d 799, 805; Milliken v. Armour & Co., 231 Mo.App. 662, 104 S.W.2d 1027. It cannot be independently maintained. Smith v. Bankers' Life Ins. Co., Mo.App., 170 S. W.2d 111, 114. Being so dependent, it cannot be said to be either "separate" or "independent" so as to sustain removability under Section 1441(c), supra. Hence, though such a claim may be a "civil action" as considered in the Stoll case, nevertheless, Missouri procedure making them auxiliary and dependent on a non-removed action, the former are not removable under Section 1441(c), supra. Cf. Brucker v. Georgia Casualty Co., D.C.E.D.Mo., 14 F.2d 688; Pratt v. Albright, C.C., 9 F. 634.

In so holding, we take comfort in the following excerpt from Nichols, Cyclopedia of Federal Procedure, 3rd Ed., Vol. 2, § 3.15, p. 208:

"The character of a garnishment proceeding, as given to it by the laws of the state authorizing it, must be looked to in determining this matter. If, under that law, garnishment does not partake of the nature of independent litigation but is merely auxiliary to and dependent on the main action, it is not removable (citing Brucker v. Georgia Cas. Co., supra, among others) and this may be true, notwithstanding the statute expressly declares that a garnishment proceeding shall be deemed an action."

It is thus stated in 76 C.J.S., Removal of Causes, § 24:

"A suit which is merely ancillary and supplemental to one previously brought in a state court, and which is so connected with the original suit as to be an incident thereto or substantially a continuation thereof, cannot be removed from a court of a state to a federal court, unless the

original suit has been previously or is simultaneously removed. Where the supplemental proceeding is in its character a mere mode of execution or relief, inseparably connected with the original judgment or decree, it cannot be removed, notwithstanding some new controversy or issue between plaintiff in the original action and a new party may arise out of the proceedings. * * *

"Attachment or garnishment proceedings, at least where they do not under the state law partake of the nature of an independent litigation but are merely auxiliary to the main action and a means of securing satisfaction of a judgment, therein, are not removable to the federal court."

Therefore, it appearing to the Court that no separate and independent cause of action is herein presented as required by Section 1441(c) supra, and the Finn case, cf. Schoneweather v. L. F. Richardson, Inc., D.C., 122 F.Supp. 692, It Is Hereby Ordered that this cause be, and it is hereby, remanded to the Circuit Court of Jackson County, Missouri, for all further proceedings.