**Donald L. MEADE, Plaintiff,**

v.

**Joe WEDDINGTON and Joyce Weddington and Huntington Publishing Company of Huntingdon, West Virginia, Defendants.**

**No. 439.**

United States District Court
E. D. Kentucky, Pikeville Division.

Sept. 24, 1956.

W. W. Burchett, Paul E. Hayes, C. B. Latta, Prestonsburg, Ky., for plaintiff.

Alva A. Hollon, Hazard, Ky., for defendants· Joe Weddington and Joyce Weddington.

Baird & Hays, Pikeville, Ky., Campbell, McNeer & Woods, Huntington, W. Va., for defendant Huntington Publishing Co.

SWINFORD, District Judge.

The record in this case is before the court on the motion of the plaintiff, a resident and citizen of Kentucky, to remand the case to the Floyd Circuit Court from whence it was removed to this court. The issue on the motion is whether the causes of action against the individual defendants, Joe Weddington and Joyce Weddington, residents and citizens of Kentucky, are separate and independent from the cause of action against the Huntington Publishing Company, a West Virginia corporation doing business in Kentucky. If the causes of action are separate and independent the court has jurisdiction under 28 U.S.C.A. § 1441(c). If the causes of action are not separate and independent the motion must be sustained.

Section 1441(c) provides as follows:

"Whenever a separate and inde-· pendent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims. or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction. June 25, 1948, c. 646, 62 Stat. 937."

The complaint charges that the defendants, jointly and concurrently, caused to be published a libelous statement about the plaintiff and that both compensatory and punitive damages should be awarded. The alleged libelous article appeared in an issue of one of the Huntington Publishing Company's newspapers, "The Huntington Advertiser". It was a story written by an employee of the Associated Press and submitted to "The Huntington Advertiser", a daily newspaper, in the usual method of transmission of news from the Associated Press, a news gathering agency, to the newspaper, one of its subscribers. The alleged statements are charged to have been made by the defendants, Joe Weddington and Joyce Weddington, in the presence and hearing of various persons and were published by the defendant, the Huntington Publishing Company, through its newspaper immediately thereafter.

The whole matter out of which this claim for damages arose was in one transaction in which all three of the defendants participated. The statements were made by the Weddingtons and published by the newspaper. In order to establish his case the plaintiff is required to prove but one transaction. It is true the transaction involves a series of steps but it cannot be said that there is more than one controversy. There could be no liability on the part of the newspaper without liability on the part of one or the other or both of the Weddingtons. In other words, on a final trial there could be no verdict against the newspaper and in favor of both of the Weddingtons. It seems to me that this is the true test in determining whether or not a claim or cause of action is separate and independent. If the claim here can be said to be separate and independent I cannot conceive of a case that would not be separate and independent.

Section 1441(c) replaced the old section 71 which provided as follows:

"And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the district court of the United States for the proper district."

In changing the statute the Congress was endeavoring to get away from a frequent practice in actions brought in the state courts where a controversy was wholly between citizens of different states, and fully determinable between them, of joining state residents as defendants in order to defeat federal jurisdiction. The old section was very troublesome and courts were continually having to decide that certain local defendants were or were not proper to the determination of the issues. It was for the purpose of simplification and to avoid the difficulties experienced in the determination of such cases that Section 1441 was adopted in 1948 in lieu of old Section 71. American Fire & Casualty Company v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702.

Congress also had an additional purpose in this enactment and that was the important step of endeavoring to limit removal from state courts. In 28 U.S. C.A. § 1441, revision notes, p. 3, there is the following:

"Subsection (c) permits the removal of a separate cause of action but not of a separable controversy unless it constitutes a separate and independent claim or cause of action within the original jurisdiction of United States District Courts. In

this respect it will somewhat decrease the volume of Federal litigation."

The following rule set out in American Fire & Casualty Company v. Finn, supra [341 U.S. 6, 71 S.Ct. 540], is determinative of the case at bar:

"Considering the previous history of 'separable controversy,' the broad meaning of 'cause of action,' and the congressional purpose in the revision resulting in * * * 28 U.S. C.A. § 1441(c), we conclude that where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)."

Professor Moore in his "Commentary on the United States Judicial Code", p. 238, pointed out that the reenactment of the removal statute by the Congress was a significant change from the old Section 71. Under that section, he stated, "the fragment of a cause of action" was sufficient for removal.

That is not true of the present statute where in order to be removable the claim or cause of action must be separate and independent. Where a plaintiff sues several persons alleging that they contributed to his injury, he is proceeding on one cause of action even though he charges them with joint and several liability and the respective defendants cannot claim that it is a separate and independent cause of action within the meaning of Section 1441(c). Moore's Commentaries, pages 238 and 251; Willoughby v. Sinclair Oil & Gas Co., 10 Cir., 188 F.2d 902.

The *motion to remand should* be sustained and an order to that effect is this day entered.