HER MAJESTY INDUSTRIES, INC., a corporation, Plaintiff,

v.

LIBERTY MUTUAL INSURANCE COMPANY, a corporation, and Insurance Company of North America, a corporation, Defendants.

Civ. A. No. 74–517.

United States District Court,
D. South Carolina,
Greenville Division.

Aug. 14, 1974.

A. F. Burgess, David L. Freeman, and Larry D. Estridge, Wyche, Burgess, Freeman & Parham, Greenville, S. C., for plaintiff.

W. Francis Marion, and Donald L. Ferguson, Haynsworth, Perry, Bryant, Marion & Johnstone, Greenville, S. C., for defendants.

## ORDER

ON PLAINTIFF'S MOTION TO RE-MAND TO STATE COURT PUR-SUANT TO 28 U.S.C. § 1441(c).

HEMPHILL, District Judge.

Plaintiff moves to remand this action to the Court of Common Pleas, Greenville County, South Carolina, on grounds that only one of the two parties named

as defendants has joined in the Petition for Removal. Defendant, Liberty Mutual, the party seeking removal opposes the motion claiming that, under the provisions of 28 U.S.C. § 1441(c),[1] the cause of action against Liberty Mutual is a separate and independent claim or cause of action, removable if sued upon alone, and further claiming that the cause of action against Liberty Mutual is joined with a non-removable claim or cause of action against the other defendant, Insurance Company of North America.

This case was originally removed by the defendant Liberty Mutual; defendant Insurance Company of North America did not attempt removal from state court.

## STATEMENT OF FACTS

This is an action in which plaintiff, a South Carolina corporation, engaged in the manufacture of children's wearing apparel and sleepwear, seeks a declaratory judgment in this court as to its rights to be represented, protected and, if necessary indemnified by each and both of defendants. Plaintiff allegedly purchased a general liability policy from defendant Liberty Mutual and an Excess Blanket Catastrophe Liability Policy from defendant Insurance Company of North America (INA). In 1972 an action was brought in the Superior Court of Sacramento County, California, by a minor named Domich, through his guardian ad litem, against a clothing store known as Jee's Juvenile Shop. The claim is that a garment manufactured

1.  Section 1441 provides as follows:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

by this plaintiff, bought at said shop, and being worn by the minor, ignited, causing personal injuries to the minor; the ensuing lawsuit is for $1,000,000 general damages and $1,000,000 medical and punitive damages. Plaintiff is a defendant in that suit. Plaintiff wants to know what it can expect of Liberty Mutual, his admitted primary insurer, and INA, his excess insurer. It also asks other declarations incidental to the conduct of the suit.

## ANALYSIS

■ Section (c) of 28 U.S.C. § 1441, supra, note 1, by its terms, applies only to cases in which one of the defendants joined is a party whose case could not be removed to federal court, or to a situation in which, for any other reason, one of the causes of action constitutes a *non-removable* claim or cause of action. In its Petition For Removal, defendant Liberty Mutual states that plaintiff is a South Carolina corporation and that both defendants are corporations organized and existing under the laws of states other than South Carolina, with principal places of business in other states. The petition also alleges that the amount in controversy exceeds $10,000.00.[2] Liberty Mutual has provided no information before this court and published no allegations which would support a conclusion that the cause of action against its co-defendant, Insurance Company of North America, constitutes a "non-removable" claim or cause of action. Therefore, even if the claims and causes of action against these defendants were separate and independent, the action would not be removable upon the petition of only one defendant.

■ The position stated above is supported by the language of the statute itself, and the purpose of such language.

In the case of American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), the Supreme Court noted that the Congressional intent of the language of subparagraph (c) was to require more complete disassociation between federally cognizable proceedings and those cognizable only in state courts before allowing removal:

> One purpose of Congress in adopting the "separate and independent claim or cause of action" test for removability by § 1441(c) of the 1948 revision in lieu of the provision for removal of 28 U.S.C. (1946 ed.) § 71, was by simplication to avoid the difficulties experienced in determining the meaning of that provision. Another and important purpose was to limit removal from state courts.[3] 341 U.S. at 9, 71 S.Ct. at 538, 95 L.Ed. at 706.

\* \* \* \* \* \*

> A separable controversy is no longer an adequate ground for removal unless it also constitutes a separate and independent claim or cause of action. 341 U.S. at 11, 71 S.Ct. at 538, 95 L.Ed. at 707.

It is obvious that the intention of the provision is to restrict and not enlarge federal removal jurisdiction.

In Moore, 1A Federal Practice, ¶ 0.-163 [4.–5], Note 1, (2d ed. 1970), the purpose and operation of the language of § 1441(c) is explained as follows:

> Literally, where there are two or more separate and independent claims but all such claims would be removable if sued upon alone, Section 1441(c) has no applicability. . . . Such an action can, of course, be removed under subsections (a) and (b) of Section 1441 . . . , provided all of the defendants to *all* of the claims join in the removal petition and not merely

---

2. Thus, bringing the case under the diversity jurisdiction—if pursued in federal court—of 28 U.S.C. § 1332.

3. 28 U.S.C. § 1441 revision notes, p. 5:
   Subsection (c) permits the removal of a separate cause of action but not of a sepa-rable controversy unless it constitutes a separate but independent claim or cause of action within the original jurisdiction of United States District Courts. In this respect it will somewhat decrease the volume of Federal litigation.

all the defendants to one removable, separate and independent claim. . . . (Citations omitted.)

Even if the cause of action against the second defendant, Insurance Company of North America, were a non-removable claim or cause of action, defendant Liberty Mutual still would not be entitled to remove under § 1441(c), since it has failed to show that the cause of action against the two defendants constitutes two "separate and independent claims or causes of action." As used in this section:

. . . the word 'separate' means distinct; apart from; not united or associated. The word 'independent' means not resting on something else for support; self-sustaining; not contingent or conditioned. Snow v. Powell, 189 F.2d 172, 174 (10th Cir. 1951); Hoagland v. Rost, 126 F.Supp. 232 (W.D.Mo.1954).

Section 1441(c) is not applicable to the situation here presented. Defendant Liberty Mutual overlooks the fact that the complaint alleges claims against the defendants which are not "separate and independent" as required to conform to the statutory permission to remove, but are co-mingled and interdependent. The obligation of each and both of defendants to defend a named and pending suit is at issue. Also at issue is the obligation of each and both to indemnify plaintiff under appropriate and con-tracted-against conditions.

The claims against the two defendants involve interpretation of similar clauses within their respective insurance policies, and in both cases the basic question to be determined is whether any laws or policies of the State of California give them grounds for denying coverage which is clearly provided by the language of their respective policies. Certainly it cannot be said that these causes are not united and are not associated with each other. Nor can it be said that the cause of action against defendant INA is not contingent or conditioned upon the cause of action against defendant Liberty Mutual. As is stated in the pleadings and not denied by defendant Liberty Mutual, the insurance coverage provided by defendant INA is in the nature of excess coverage, and can be called upon only if the total coverage provided by the policy of Liberty Mutual is inadequate to pay any claim which may be adjudged against plaintiff.

Even if under some strained interpretation the claims against these companies were considered as "separate" claims or causes of actions, they are certainly not "independent" within the meaning of this section. Where the facts allegedly arise out of the same transaction or incident, and the relief prayed for against defendants is similar in kind and arises from a single incident, these causes of action cannot be considered independent. U. S. Industries v. Gregg, 348 F.Supp. 1004 (D.Del. 1972); Levitt v. Ford Motor Co., 215 F.Supp. 913 (E.D.N.Y.1963). The two words "separate" and "independent" in § 1441(c) are used conjunctively and should be given significance in order to carry out the intent and purpose of Congress to limit removals and simplify determination of removability. Hoagland v. Rost, supra. As is stated in the case of Schoneweather v. L. F. Richardson, Inc., 122 F.Supp. 692 (W.D.Mo.1954), the use of this language within the statutory provision was not intended to allow removal merely because a claim can be prosecuted without the presence or joinder of any other party, but was intended to provide that in order to be independently removable, a claim must be entirely separate and independent of the controversy or claim involved in the main lawsuit.

In its complaint, plaintiff did not state separate causes of action against these two defendants, and chose to do so for a very good reason. This fact alone, irrespective of the additional considerations set forth above, constitutes sufficient grounds for granting the Motion

to Remand. As is stated in Moore, 1A Federal Practice, supra, ¶ 0.163 [4.–3], at 703–04:

> Unless plaintiff conceals a federal question or joins parties fraudulently, he is the master of his case; and removability is dependent upon the course of pleading employed by the plaintiff. Separate defenses do not make separate and independent claims. Removability, then, is normally determined on the basis of plaintiff's complaint, at the time the removal petition is filed, with specific allegations controlling over general; but subsequent developments in the case may reveal for the first time a basis for removal.

In a letter supplementing its brief defendant Liberty Mutual takes the position that the claim of plaintiff became a non-removable claim after the thirty day time limit [4] prescribed for filing the petition. Indeed, the time limit is not the test of removability. The statute under consideration spells out the prerequisites for removal.

Nor does the "statement" of counsel for defendant INA, published at the hearing on motion to remand, affect this decision. Counsel for INA presumably has the same set of rules of federal civil procedure that guide and bind the bench and bar of the federal courts. Counsel had thirty days to act, if it preferred federal court. Defendant INA did not act. It is now too late.

Counsel for defendant Liberty Mutual cite Port of New York Authority v. Eastern Air Lines, Inc., 259 F.Supp. 142 (E.D.N.Y.1966). The case is neither persuasive nor controlling. There the removable claim was joined with an otherwise non-removable claim. The distinction between the cited case and the case at bar is patently obvious.

## CONCLUSION

Defendant Liberty Mutual has failed to sustain its burden of proving its right to the jurisdiction of this court. The motion to remand is granted.

The Clerk shall forward all necessary suit papers to the Clerk of the Court of Common Pleas for Greenville County, South Carolina. The action is dismissed from the calendars of this court.

And it is so ordered.