**Philip A. TOANONE, Plaintiff,**

v.

**Lawrence G. WILLIAMS et al.,
Defendants.**

**Civ. A. No. 74–2988.**

United States District Court,
E. D. Pennsylvania.

Nov. 13, 1975.

Michael P. D'Ignazio, David J. Natale, Media, Pa., for plaintiff.

George P. Williams, III, Sterling H. Schoen, Jr., Philadelphia, Pa., for defendant CBS Inc.

## MEMORANDUM OPINION AND ORDER

HIGGINBOTHAM, District Judge.

Defendant, CBS Inc. ("CBS"), has petitioned this Court pursuant to 28 U.S.C. § 1441(c) [1] to remove the instant libel action to this Court from the Court of Common Pleas of Delaware County, Pennsylvania. Plaintiff, Philip A. Toanone ("Toanone"), has moved this Court to remand the action to the state court. For reasons that will hereinafter appear, I have concluded that the removal petition of CBS must be denied and that plaintiff's motion for remand must be granted.

In support of its petition for removal, CBS has introduced the affidavit of John L. Essig, news operations manager for television news of WCAU–TV, a television station owned by CBS. Supplemental Memorandum of CBS, Doc. #22, Exhibit A. In his affidavit, Mr. Es-

---

1. The statute provides in pertinent part:
"§ 1441. *Actions removable generally*

. . . . .

(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

sig states that on May 1, 1974, a program called "Update" was taped for broadcasting on May 5, 1974; that during the taping of the program the late Lawrence G. Williams, a named defendant in this action, is alleged to have made a libelous charge against plaintiff Toanone; that the taped program was televised on May 5, 1974; and that the late Mr. Williams was not in the WCAU–TV studio on May 5, 1974. Essig Affidavit, ¶¶ 2, 5, 6 and 7. Relying on this affidavit, CBS argues that if Toanone was in fact injured by Mr. Williams' charge, he sustained two separate and distinct injuries—once when Mr. Williams made the charge on May 1, 1974 and again when WCAU–TV broadcast the charge on May 5, 1974. It further contends that these two alleged injuries constitute separate and independent claims, and that the claim against CBS is therefore removable under § 1441(c) by reason of the diversity of citizenship between CBS and Mr. Toanone.

█ While it appears that under Pennsylvania law each republication of allegedly defamatory matter is a new publication constituting a separate cause of action against the defendant responsible for the republication, see 22 P.L.E., Libel and Slander § 21, this principle of substantive Pennsylvania law does not dispose of the issue before the court. In Professor Moore's words, "removability is dependent upon the course of pleading employed by the plaintiff." 1A J. Moore, Federal Practice ¶ 0.163[4.–3] (footnote omitted). In determining whether separate and independent causes of action exist under § 1441(c), courts will "look to the plaintiff's pleading, which controls." American Fire and Casualty Co. v. Finn, 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1951). The determination is to be made on the basis of the pleadings at the time removal is sought, Gray

v. New Mexico Military Institute, 249 F.2d 28, 30 (10 Cir. 1957), and on the basis of what plaintiff has actually alleged, "not by what he could have asserted had he so chosen," Greenshields v. Warren Petroleum Corp., 248 F.2d 61, 65 (10th Cir.), cert. denied, 355 U.S. 907, 78 S.Ct. 334, 2 L.Ed.2d 262 (1957). In the interpretation of plaintiff's pleading, specific allegations control over general, see 1A J. Moore, Federal Practice, supra, and "all doubts arising from defective, ambiguous and inartful pleadings should be resolved in favor of the retention of state court jurisdiction." Greenshields v. Warren Petroleum Corp., supra at 65.

█ When these principles are applied to the instant case, it becomes clear that CBS has attempted to usurp plaintiff's role by articulating a theory of plaintiff's case that plaintiff himself has not chosen to plead. Four counts of the complaint—III, IV, XI, and XII— are relevant to the issue here.[2] See Complaint, Exhibit A to Petition for Removal of Defendant CBS, Doc. # 7. In Counts III and IV, plaintiff alleges that defendant Williams libelled him by statements made on WCAU–TV "on the 5th day of May, 1974 and divers occasions prior thereto." Complaint, ¶¶ 23, 31. In Counts XI and XII, plaintiff alleges that defendant CBS libelled him by broadcasting over WCAU–TV "on or about the 5th day of May, 1974" the aforesaid statements. Complaint, ¶¶ 86, 92. Thus, in the four counts of the complaint that involve both defendant Williams and defendant CBS, plaintiff has specifically pleaded only a single injury to him, the simultaneous publication by defendant Williams and republication by defendant CBS on May 5, 1974 of allegedly libelous statements about him.[3]

As the Supreme Court has held, "where there is a single wrong to plaintiff, for

---

2. The pleading of separate counts against different defendants does not, of course, establish the existence of separate and independent claims. Boneck v. Pennsylvania R. Co., 105 F.Supp. 700 (D.N.J.1952).

3. The "divers occasions prior thereto" language in Counts III and IV is general, and therefore irrelevant.

which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." *American Fire and Casualty Co. v. Finn, supra,* 341 U.S. at 14, 71 S.Ct. at 540. These criteria for non-removability are amply satisfied in the instant case. Indeed, the plaintiff has specifically asserted only a single transaction involving both defendant Williams and defendant CBS, not even "an interlocked series of transactions." Obviously then, CBS's unilateral effort to amend plaintiff's complaint cannot prevail. Its petition for removal will be denied, and plaintiff's motion for remand to the Court of Common Pleas of Delaware County, Pennsylvania will be granted. An appropriate order will be entered.