John W. HINKS, Plaintiff,

v.

The ASSOCIATED PRESS and Cosmos Broadcasting Corporation, d/b/a WIS–TV, Defendants.

Civ. A. No. 3:88–2013–15.

United States District Court,
D. South Carolina,
Columbia Division.

Oct. 13, 1988.

William O. Sweeny, III, Nelson, Mullins, Riley & Scarborough, Columbia, S.C., for plaintiff.

Jay Bender, Belser, Baker, Barwick, Ravenel, Toal & Bender, Columbia, S.C., Rogers & Wells, New York City, for the Associated Press.

William L. Pope, Robinson, McFadden & Moore, Columbia, S.C., for Cosmos Broadcasting Corp., d/b/a WIS–TV.

ORDER

HAMILTON, District Judge.

The instant action was originally brought in the Court of Common Pleas for Richland County and was subsequently removed to this court under 28 U.S.C. § 1441(c) by defendant Associated Press (AP) on August 2, 1988.[1] Plaintiff, John Hinks, filed a motion to remand on September 2, 1988. For the reasons set forth below, the motion to remand is granted.

This case arises out of an allegedly defamatory broadcast about plaintiff aired by defendants Cosmos Broadcasting Corporation (Cosmos or WIS–TV) and AP on or about April 8, 1988. Plaintiff's complaint asserts a defamation cause of action against AP and Cosmos. Paragraph 5 of the complaint provides in pertinent part:

---

1. Plaintiff and Cosmos Broadcasting Corporation are residents of South Carolina, whereas the Associated Press is a resident of New York.

This minimal diversity between plaintiff and AP establishes the jurisdictional prerequisite necessary for § 1441(c) removal.

That on or about April 8, 1988, the defendants published, circulated or distributed, or caused to be published, circulated or distributed to the general public news broadcasts....

Plaintiff contends that remand of this case is appropriate because the complaint does not state a separate and independent claim against AP and because the plaintiff and Cosmos are citizens of the State of South Carolina. Defendants oppose the motion to remand, arguing that each defendant separately published the allegedly libelous material independent of the other and, therefore, that the claim against AP is separate and independent of the claim against Cosmos. Consequently, defendants argue that the case is properly removable under 28 U.S.C. § 1441(c).

■ The statutory right of removal from state court "exists only in certain enumerated classes of actions, and in order to exercise the right of removal, it is essential that the case be shown to be one within one of those classes." *Voors v. National Women's Health Organization, Inc.*, 611 F.Supp. 203, 205 (N.D.Ind.1985); *Chesapeake & Ohio Railway Co. v. Cockrell*, 232 U.S. 146, 151, 34 S.Ct. 278, 279, 58 L.Ed. 544 (1914). When a party removes an action to federal court on the basis of diversity of citizenship, the burden falls squarely upon the removing party to establish its right to a federal forum. *American Buildings Co. v. Varicon, Inc.*, 616 F.Supp. 641, 643 (D.Mass.1985); *Voors*, 611 F.Supp. at 205. Significantly, Congress intended to restrict the right of removal in passing § 1441(c), and thus this court is constrained to effectuate this congressional intent. *Able v. Upjohn Co., Inc.*, 829 F.2d 1330, 1332 (4th Cir.1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 1229, 99 L.Ed.2d 429 (1988); *McKay v. Boyd Construction Co., Inc.*, 769 F.2d 1084, 1087 (5th Cir.1985); *Lewis v. Time, Inc.*, 83 F.R.D. 455, 458 (E.D.Cal.1979); *Voors*, 611 F.Supp. at 205. Courts have interpreted this congressional mandate as requiring "that doubts about

the propriety of removal be resolved in favor of retained state court jurisdiction." *Able*, 829 F.2d at 1332; *Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir.1976); *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir.), *cert. denied*, 355 U.S. 907, 78 S.Ct. 334, 2 L.Ed.2d 262 (1957). *See generally* 14A C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 3739, at 584–86 (1985). Part of the rationale for this policy was explained by the Supreme Court in *Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941):

the policy of the successive acts of Congress regulating the jurisdiction of federal courts is one calling for the strict construction of such legislation. The power reserved to the states under the Constitution to provide for the determination of controversies in their courts, may be restricted only by the action of Congress in conformity to the Judiciary Articles of the Constitution. 'Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined.'

*Id.* at 108–09, 61 S.Ct. at 872 (quoting *Healy v. Ratta*, 292 U.S. 263, 270, 54 S.Ct. 700, 703, 78 L.Ed. 1248 (1934)).[2] Accordingly, the right of removal under § 1441(c) must be strictly confined to cases which fall within its provisions, and not used as a vehicle to deprive state courts of wholly state law matters properly coming within their jurisdiction.

Defendants have premised removal of the present case to this court on 28 U.S.C. § 1441, which provides in pertinent part:

(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise nonremovable claims or causes of action, the

---

**2.** Obviously, other equally important rationales are to ensure that a judgment obtained in a federal forum is not reversed on appeal due to improvident removal, *see American Fire & Casu-* alty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), and deference to plaintiff's choice of forum.

entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise falling within its original discretion.

It is well settled that removal is determined solely by reference to plaintiff's pleading, at least absent concealment of a federal question or fraudulent joinder of a party. *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1951); *Her Majesty Industries, Inc. v. Liberty Mutual Insurance Co.,* 379 F.Supp. 658, 662 (D.S.C.1974); *Toanone v. Williams,* 405 F.Supp. 36, 38 (E.D.Pa.1975). Specifically, the determination should be made "on the basis of the pleadings at the time removal is sought, and on the basis of what plaintiff has actually alleged, 'not by what he could have asserted had he so chosen.'" *Toanone,* 405 F.Supp. at 38 (citations omitted) (quoting *Greenshields,* 248 F.2d at 65); *Lewis,* 83 F.R.D. at 459 ("fact that plaintiff *could* have alleged multiple publications or several causes of action is irrelevant") (emphasis in original). Moreover, "'all doubts arising from defective, ambiguous and inartful pleadings should be resolved in favor of retention of state court jurisdiction.'" 405 F.Supp. at 38 (quoting 248 F.2d at 65). Most important, the court must refrain from determining the merits of a claim upon a motion for remand. 29 *Federal Procedure, Lawyers Edition* § 69:115, at 589 (1984). Consequently, the court must determine the removability of the present case on the basis of plaintiff's actual course of pleading, and not on what plaintiff could have asserted in his complaint.

While several courts apparently have allowed removal of state court defamation actions under § 1441(c) based on state law

characterizations of such claims, the Supreme Court has indicated that removability is a question of federal rather than state law. According to the Court:

> the removal statutes and decisions of this Court are intended to have uniform nationwide application. 'Hence the Act of Congress must be construed as setting up its own criteria, irrespective of local law, for determining in what instances suits are to be removed from the state to the federal courts.'

*Grubbs v. General Electric Credit Corporation,* 405 U.S. 699, 706, 92 S.Ct. 1344, 1349, 31 L.Ed.2d 612 (1972) (quoting *Shamrock Oil Corp.,* 313 U.S. at 104, 61 S.Ct. at 870); *Able,* 829 F.2d at 1333 n. 2. Nevertheless, state law does play a part in the § 1441(c) determination. The interplay of federal and state law is best described as follows:

> [b]oth federal and state law play a part in determining the removability of a case under Section 1441(c). Federal law supplies the test as to what is a separate and independent claim or cause of action. State law, on the other hand, is relevant in diversity cases in determining the nature of the claims to which the federal test is applied. Accordingly, state law determines the character of plaintiff's claim, and federal law determines whether that claim meets the standard of Section 1441(c).

C. Wright, A. Miller, & E. Cooper, *supra,* § 3724, at 396–97 (footnotes omitted); *Bailey v. Scholler,* 630 F.Supp. 337, 338 (D.Mont.1986).[3] Thus, state law characterizations of defamation claims or causes of action are helpful, but not controlling, to a determination under § 1441(c). *See, e.g., Toanone,* 405 F.Supp. at 38; *Lewis,* 83 F.R.D. at 459.[4] Indeed, separate causes of

---

**3.** According to the cited treatise, many federal courts have not properly applied the statute: "a strong argument can be made that in permitting removal in these cases the district courts applied the statute erroneously." C. Wright, A. Miller, & E. Cooper, *supra,* § 3724, at 382–83.

**4.** Apparently, some courts have not maintained the distinction between use of state law to characterize the nature of the claims and use of uniform federal principles to determine wheth-

er the claim as characterized is separate and independent within the meaning of § 1441(c). Illustrative of this approach is *Pannell v. Associated Press,* 690 F.Supp. 546 (N.D.Miss.1988). In that case, the court summarily determined the case was removable under § 1441(c) by stating: "It is well established that each publication of a libel constitutes a separate and independent tort." *Id.* at 548. However, the *Pannell* court failed to recognize that a two-tiered analysis is necessary to a proper determination under

action are not always necessarily "independent" for purposes of § 1441(c). *See, e.g., U.S. Industries, Inc. v. Gregg,* 348 F.Supp. 1004, 1011 (D.Del.1972), *rev'd on other grounds,* 540 F.2d 142 (3d Cir.1976), *cert. denied,* 433 U.S. 908, 97 S.Ct. 2972, 53 L.Ed.2d 1091 (1977).

The Supreme Court narrowly construed the scope of § 1441(c) removal in *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). In that case, plaintiff asserted alternative theories of liability for a fire loss against two diverse corporations individually and against the corporations and a nondiverse individual jointly and severally. The diverse defendants removed the action on the basis that plaintiff had asserted claims against them that were separate and independent from the claim or cause of action asserted against the resident defendant. After the jury returned a verdict against the plaintiff, plaintiff moved the court to vacate the judgment on the ground that the case had been improperly removed from state court. The court denied the motion and the ruling was affirmed by the court of appeals. The Supreme Court, however, reversed the judgment, directing the district court to vacate the judgment and remand the case to state court. *Id.* at 18–19, 71 S.Ct. at 542–43.

In support of its holding, the Court found that Congress had intended to restrict the availability of removal through passage of § 1441(c). Comparing the operative terms of § 1441(c) with the terminology of its predecessor, old 28 U.S.C. § 71, the Court stated:

> Of course, 'separate cause of action' restricts removal more than 'separable controversy.' In a suit covering multiple parties or issues based on a single claim, there may be only one cause of action and yet be separable controversies. The addition of the word 'independent' gives emphasis to congressional intention to require more complete disassociation between the federally cognizable proceedings and those cognizable only in state courts before allowing removal.

341 U.S. at 12, 71 S.Ct. at 539 (footnotes omitted). The *Finn* Court concluded: "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." *Id.* at 14, 71 S.Ct. at 540.

While all authorities agree that diversity cases are rarely removable under § 1441(c), they remain in disagreement as to the precise scope of § 1441(c) removal in light of the *Finn* decision. According to Wright & Miller:

> [m]ost commentators agree that few, if any, diversity cases can be properly removed under Section 1441(c) in light of the construction placed on the statute by the Finn case. Even under the most liberal of state joinder rules and statutes, parties are not properly joined unless there is a question of law or fact common to all of them and there is a claim asserted for or against them all arising out of the same transaction or occurrence or series of transactions or occurrences. It seems reasonable to conclude that claims involving common questions and stemming from the same transaction do not qualify as separate and independent claims or causes of action under the Supreme Court's formulation. The Finn

§ 1441(c). Courts that have recognized the important distinction between the role of federal and state law to § 1441(c) removal determinations in defamation cases have split as to their removability—usually due to variations in plaintiff's course of pleading. *Compare Seymour v. A.S. Abell Co.,* 557 F.Supp. 951 (D.Md.1983) (absent conspiracy or joint action, each libel claim is a separate and independent claim or cause of action within meaning of § 1441(c) where plaintiff pleads separate counts against each defendant) and *Scott v. Stauffer Communications,* 8 Med.L.Rptr. 1329 (D.Kan.1982) (amended complaint contained separate and independent cause of action against diverse defendant where complaint alleges three distinct defamatory publications) *with Toanone v. Williams,* 405 F.Supp. 36 (E.D.Pa.1975) (remand proper where plaintiff asserts only a single transaction involving both defendants, even where there is more than one publication of allegedly libelous material) and *Lewis v. Time,* 83 F.R.D. 455 (E.D.Cal.1979) (remand proper based on plaintiff's pleading of one claim of libel irrespective of fact plaintiff could have alleged multiple publications or several causes of action).

case held that there is but a single cause of action when a single plaintiff advances alternative claims against a number of defendants arising from an interlocked series of transactions, inasmuch as there is but a single wrong to the plaintiff. C. Wright, A. Miller, & E. Cooper, *supra*, § 3724, at 367–68.[5] Professor Moore, however, apparently takes a less restrictive view:

> [t]he above decisions do not mean that whenever a plaintiff properly joins defendants there can never be any separate and independent claims. Not at all. Whenever, for example, two or more defendants individually act in such a manner that each has invaded a separate right of the plaintiff and thereby caused as many wrongs, the plaintiff has multiple claims against the several defendants individually; and although plaintiff joins defendants in one action, on the basis of a common question of law or fact, the claims are separate and independent within the intendment of § 1441(c).

J. Moore, B. Ringle, & J. Wicker, 1A *Moore's Federal Practice* ¶ 0.1634.–5, at 333 (1987).

■ Notwithstanding the uncertain scope of § 1441(c) removal in light of *Finn*, as highlighted by the above disagreement, the court concludes that the present facts are most closely analogous to cases which have not allowed removal of strictly state law claims. Although plaintiff's course of pleading determines removability under § 1441(c), a brief review of the defendants' version of the facts giving rise to this litigation may be helpful to an understanding of the present motion before the court.

According to defendants, the facts giving rise to the present cause of action began and ended on the same date, April 8, 1988. During the early morning hours of April 8, an individual who identified himself as Bob Bauder called both defendants, Cosmos and AP, and told them that plaintiff Hinks and his company, along with a former employee of the company, had been indicted on 12 counts of filing fraudulent FHA and VHA loan applications. The story was initially aired by Cosmos (WIS–TV) at 6:45 A.M. Relying in part upon this 6:45 A.M. broadcast to confirm the accuracy of the alleged defamatory information, AP personnel wired this information to AP's South Carolina members at 6:53 A.M.[6] Emily Calloway, the WIS–TV employee who had aired the story at 6:45 A.M., used the AP transmission to update the story, which was then aired again at 7:25 A.M. and 8:25 A.M. After receipt of a phone call which raised grave doubts about the accuracy of the wired information, AP investigated the circumstances surrounding the alleged indictments and determined that the caller had committed a hoax. As a result, AP issued at least two revised wire transmissions, at 9:47 A.M. and 10:29 A.M., which required that its members not broadcast the story further. Cosmos also issued several retractions later on this same date, at 12:30 P.M., 7:00 P.M., and 11:00 P.M.

In *Toanone v. Williams,* 405 F.Supp. 36 (E.D.Pa.1975) the court granted plaintiff's motion to remand on facts very similar to the present case. There an individual defendant allegedly libelled plaintiff during the taping of a program which was later broadcast on a separate date. *Id.* at 38. Although the court recognized that each republication of allegedly defamatory material constituted a separate cause of action under that state's law, the court stated that this determination alone did not dispose of the § 1441(c) issue before it. *Id.* Rather, the court concluded that removability was determined by reference to plaintiff's course of pleading. *Id.* While acknowledging that plaintiff had pled four separate counts against the individual defendant and

---

5. Although state permissive joinder rules are not necessarily relevant to the court's § 1441(c) determination, *see Able,* 829 F.2d at 1333, it should be noted that South Carolina permissive joinder rules are similar to the liberal joinder provisions described by Wright & Miller. *See* Rule 20, S.C.R.Civ.Proc.

6. Apparently these members pay AP for services provided and are contractually obligated to provide all of their spontaneous news stories to AP for possible transmittal by AP to other members.

the corporate network, the court found that each of these counts asserted only a single injury arising from the publication and republication of the allegedly libelous statements. *Id.* Similarly, plaintiff in the instant case has only pled a single injury arising from the interlocked series of transactions giving rise to the alleged defamation by AP and Cosmos. Unlike in *Toanone*, however, plaintiff alleges that his injury was inflicted on a single date, during the course of only three hours. Consequently, the complaint does not allege any separate and independent claim against the diverse defendant, AP.

Likewise, the court in *Her Majesty Industries, Inc. v. Liberty Mutual Insurance Company*, 379 F.Supp. 658 (D.S.C. 1974), although not a defamation action, also recognized the important principle that plaintiff's pleading controls the question of removability under § 1441(c). Reasoned the court:

> [i]n its complaint, plaintiff did not state separate causes of action against these two defendants.... This fact alone, irrespective of the additional considerations set forth above, constitutes sufficient grounds for granting the Motion to Remand.

*Id.* at 661–62. Plaintiff here has also chosen to allege a single cause of action against defendants Cosmos and AP. *See supra* p. 638. Accordingly, defendants' attempt "to usurp plaintiff's role by articulating a theory of plaintiff's case that plaintiff himself has not chosen to plead" cannot be sanctioned. *Toanone*, 405 F.Supp. at 38.

Also supporting remand of the present case is *Lewis v. Time, Inc.*, 83 F.R.D. 455 (N.D.Cal.1979). In that case plaintiff brought a defamation suit in state court against the publisher of a national magazine and an in-state distributor. In his complaint, however, plaintiff alleged only a single claim against both defendants:

> [o]n April 10, 1978 ... *defendants* printed, published, circulated, and distributed, or caused to be printed, published, circulated, and distributed ... an article....

*Id.* at 459 (emphasis in original). Admittedly, *Lewis* did not involve multiple publications of allegedly libelous material. However, the case reinforces the proposition that plaintiff's pleading controls removal determinations under § 1441(c). Like the complaint in *Lewis*, plaintiff's complaint in the present case asserts a single wrong allegedly caused by both defendants.[7]

**7.** Even were this court to ignore plaintiff's pleadings and render its decision based upon defendant's version of the events leading up to the alleged defamatory publications, it is not at all clear that this action would be removable under § 1441(c). As previously stated, the characterization of each separate transmission of the allegedly libelous story as a separate cause of action under South Carolina law is not controlling for purposes of § 1441(c). *See supra* pp. 640–41. Rather, federal law governs this determination, utilizing the principles set forth in *Finn* and subsequent case law. Under these principles, a single wrong to plaintiff caused by an interlocking series of transactions is a single claim or cause of action for purposes of § 1441(c).

Although both AP and Cosmos each received a separate call from a person identifying himself as Bob Bauder and relating the alleged indictments of Hinks, it was the same caller who made both phone calls. Further, although Cosmos employee Emily Calloway first aired the material without consulting AP, both AP and Calloway subsequently used the other's transmission to assist in furthering the alleged tortious conduct—Calloway using AP's wire service to update her story for use on the 7:25 A.M. and 8:25 A.M. broadcasts and AP using Cosmos' 6:25 A.M. broadcast as partial confirmation of the story prior to wiring the transmission to its South Carolina members. Indeed, Cosmos had a contractual obligation to provide AP with all of their spontaneous news stories, and thus was obligated to provide AP with the Hink's story independent of AP's unilateral monitoring of WIS-TV's 6:45 A.M. transmission. As such, it cannot hardly be asserted that plaintiff's injury, if in fact one occurred, did not arise out of an interlocked series of transactions leading to a single wrong, notwithstanding state law characterizations of a libel cause of action to the contrary: the same caller phoned both AP and Cosmos, both organizations used each other's transmissions to confirm or update its story, Cosmos was contractually bound to provide AP with stories such as the report here, and all of the allegedly libelous transmissions were aired within a three hour period on the same date. Although admittedly the present facts present a close case, the policy restricting removal to cases clearly falling within the provisions of § 1441(c) constrains this court to remand this case to state court. *See Shamrock Oil & Gas Co.*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214;

Defendants have cited numerous cases in which the court determined that each separate publication of allegedly libelous material was deemed a separate and independent cause of action under § 1441(c) as to the diverse defendant or defendants: *Seymour v. A.S. Abell Co.*, 557 F.Supp. 951 (D.Md.1983); *Dougherty v. Capital Cities Communications*, 7 Med.L.Rptr. 2535 (E.D.Mich.1981); and *Scott v. Stauffer Communications*, 8 Med.L.Rptr. 1329 (D.Kan.1982). In each of the cited cases, however, plaintiff pled separate claims or causes of action against the removing defendants rather than a single count as in the present case.

Because *Finn* compels this court to determine removability based upon plaintiff's pleadings, the court is constrained to hold that plaintiff's claim against AP is not separate and independent from its claim against Cosmos. Accordingly, 28 U.S.C. § 1447(c) directs the court to remand this case to state court.

It is therefore required that this case be remanded to the Court of Common Pleas for Richland County, and that all pleadings filed be made a part of this case on remand. Since the nature of the claim asserted in this case raised a close question under § 1441(c), however, the court finds that it would be inappropriate to award plaintiff costs for improvident removal. A certified copy of this order is to be mailed by the Clerk of this Court to the Clerk of the Court of Common Pleas for Richland County, South Carolina.

IT IS SO ORDERED.

---

*Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702; *Able*, 829 F.2d 1330; *Her Majesty Industries, Inc.*, 379 F.Supp. 658.

Furthermore, during oral argument on this motion plaintiff stated that the complaint should be construed as asserting joint and several liability against AP and Cosmos. This fact, standing alone, has been used by some courts to support a remand order under circumstances similar to the present case. *See, e.g., Meade v.*

*Weddington*, 145 F.Supp. 183, 184–85 (E.D.Ky. 1956). Indeed, remand is permissible even where plaintiff alleges only several liability. *Chason Brothers, Inc. v. Insurance Co. of North America*, 102 F.Supp. 803, 805 (S.D.N.Y.1952); *Kolb v. Prudential Insurance Co. of America*, 170 F.Supp. 97, 99 (W.D.Ky.1959). Consequently, it is far from certain that acceptance of defendants' version of events would lead this court to deny the present motion.