**Kenneth COMSTOCK, Plaintiff,**

v.

**Ralph MORGAN and Thomas Miller, Defendants.**

**No. 11387.**

United States District Court
W. D. Missouri, W. D.
Sept. 25, 1958.

Combs Denney, Kansas City, Mo., for plaintiff.

Deacy & Deacy, Kansas City, Mo., for defendant.

R. JASPER SMITH, District Judge.

■ Plaintiff, a resident and citizen of Missouri, initiated this action in the Circuit Court of Jackson County, Missouri, against defendants Morgan and Miller, both residents and citizens of Kansas. According to the allegations in the pleadings the plaintiff was driving west along the Intercity Viaduct in Kansas City when defendant Morgan, driving east on the same road, crossed the center line and struck plaintiff's car head on. Defendant Miller, who was driving west and apparently was immediately behind plaintiff, was unable to stop and collided with plaintiff from the rear.

Both defendants joined and removed the action from the state court to this Court under Title 28 U.S.C.A. Section 1441, on diversity of citizenship grounds. There is no question but that there is a sufficient amount in controversy for federal jurisdiction. Each de-fendant filed a separate answer. Thereafter, with leave of Court, defendant Miller filed a cross-claim in the amount of $10,000 against defendant Morgan. The basis of this cross-claim is that the collision was the result of the negligence of Morgan and that he is liable for the injuries which Miller received.

On May 29, 1958, by stipulation of the parties, plaintiff's claim against both defendants was dismissed with prejudice. The cross-claim was expressly reserved as being unaffected by the dismissal. Miller, the cross-claimant, has now moved to remand the case to state court on the ground that there is no longer diversity of citizenship between the parties and this Court therefore no longer has jurisdiction.

The motion to remand presents an unusual question of law.

The great bulk of the case law concerning a subsequent change in the nature of a case after its removal to a federal court was decided prior to the passage in 1948 of Section 1447(c) of Title 28 U.S.C.A. In order to determine whether these cases are still controlling, it is first necessary to ascertain the nature and extent of the change made by the statutory revision. The old code provision concerning remand, Title 28 U.S.C.A. (1946 ed.) Section 80, was as follows:

"If in any suit commenced in a district court, or removed from a State Court to a district court of the United States, it shall appear to the satisfaction of the said district court, at any time after such suit has been brought or removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said district court, or that the parties to said suit have been improperly or collusively made or joined, either as plaintiffs or defendants, for the purpose of creating a case cognizable or removable under this chapter, the said district court shall proceed no further therein, but shall dismiss the suit or re-

mand it to the court from which it was removed, as justice may require, and shall make such order as to costs as shall be just."

With minor changes in phraseology, this is substantially the remand statute as it existed for three quarters of a century. St. Paul Mercury Indemnity Co. v. Red Cab Co., 1938, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845, 852. The 1948 revision, Section 1447(c), now provides:

"If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs. A certified copy of the order of remand shall be mailed by its clerk to the clerk of the State court. The State court may thereupon proceed with such case."

Defendant Morgan, who opposes remand, contends that this statutory change in wording has accomplished a major change in the law of remand of removed cases. Emphasis is placed upon the phrase "If * * * it appears that the case was removed improvidently and without jurisdiction * * *." From this the conclusion is drawn that the character of a case as indicated by the record at the time the petition for removal was filed determines remand. If the case was properly removable at that time, subsequent changes cannot affect the jurisdiction of the federal courts. Under this theory the nature of the case at removal, regardless of the changes which might thereafter occur, is completely controlling to the exclusion of other considerations. While this principle may be true in certain cases, and it certainly results in a simple rule of law, it is not correct categorically to apply it to all situations. This principle is too rigid. And adopting this rule as absolute discards one of the basic considerations in the case law on remand, i. e., a consideration of the character or nature of the change which has occurred and its effect upon jurisdiction.

Two reasons support the view that the 1948 revision has not worked the complete transformation in the law advocated by defendant Morgan. The first is a matter of determining legislative intent. The Reviser's Note, Title 28 U.S. C.A. Section 1447, states in reference to subsection (c):

"Subsection (e) (now subsec. (c)) was derived from sections 71 and 80 of Title 28 U.S.C., 1940 ed. *Such subsection was rewritten to eliminate the cumbersome procedure of remand.*" (Emphasis mine.)

No further reason for the revision is given. There is no mention of an intent to restrict the right to remand only to those cases improvidently removed in the first instance. The legislative intent gleaned from this note is to establish simple, expeditious machinery for remand. An expressed purpose to facilitate remand is not consistent with a severe restriction upon the power to do so. At least it does not lead to the emphatic conclusion that jurisdiction once attached may not be divested.

The second reason is based upon statutory interpretation. The remand statute as passed in 1875, Act of March 3, 1875, 18 Stat. 470, did not provide in express terms for remand of cases in which a change in character had occurred. Yet case law developed the concept that certain types of changes would result in remand even though the case had been properly removed. Since a substantial body of case law developed under the earlier statute which did not in clear terms provide for remand in cases like the present, and since there was no expressed legislative intent to change this law, it follows that Section 1477(c), supra, has not worked a radical departure from the prior law of remand. Conflicts on certain questions may have been clarified, but to hold that this revision signifies that jurisdiction once attached may not be lost is unwarranted.

Here federal jurisdiction was validly invoked. At the time the case was removed a controversy properly cognizable before a federal court was involved.

Thereafter some change relating to jurisdiction occurs. We must determine what change, if any, will result in a remand of the case. It is to be emphasized that different types of changes lead to different results. Each case must be analyzed on the basis of the specific change which has occurred. I have found at least three categories into which the cases in this area fall:

(1) Those in which a party has taken some deliberate action in an effort to oust the court of jurisdiction.

(2) Those in which the change relates to some matter which is ancillary to jurisdiction.

(3) Those cases in which the subsequent change goes to the very essence of federal jurisdiction.

The first group includes several types of cases. The common element in all of them is that a party, generally the plaintiff, attempts to change the nature of a case so that some element of federal jurisdiction will fail. Although there has been some deviation, the generally accepted rule is that the plaintiff cannot act so as to oust a court of a case which has been properly removed. The underlying premise in these cases is that the right of removal has been conferred by statute and that the plaintiff cannot defeat this statutory right by some unilateral gesture. The transformation is characterized by the fact that it is a deliberate act to divest jurisdiction. Thus it is an established principle that a plaintiff cannot by amendment or stipulation reduce the amount in controversy below the minimum standard. St. Paul Mercury Indemnity Co. v. Red Cab Co., 1938, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845; Kirby v. American Soda Fountain Co., 1904, 194 U.S. 141, 24 S.Ct. 619, 48 L. Ed. 911; Kanouse v. Martin, 1853, 15 How. 198, 56 U.S. 198, 14 L.Ed. 660; Direct Transit Lines v. Local Union No. 406, International Brotherhood of Teamsters, etc., 6 Cir., 1952, 199 F.2d 89; Home Ins. Co. of New York v. Trotter, 8 Cir., 1942, 130 F.2d 800. Under the old code Section 80, there was a split of authority on the question of whether a plaintiff could amend his complaint so as to eliminate the existence of a federal question and thereby precipitate remand. Some cases held that the failure of the federal question required remand. Solanics v. Republic Steel Corp., D.C. N.D.Ohio 1940, 34 F.Supp. 951; Fischer v. Star Co., D.C.S.D.N.Y.1915, 227 F. 955. Contra. Daland v. Hewitt Soap Co., D.C.S.D.N.Y.1939, 27 F.Supp. 482. Since the passage of Section 1447(c), it has been held that there is no longer any doubt on this issue. If the record at the time of removal discloses a federal question, the plaintiff cannot defeat jurisdiction by deleting this aspect. Brown v. Eastern States Corp., 4 Cir., 1950, 181 F.2d 26, certiorari denied 1950, 340 U.S. 864, 71 S.Ct. 88, 95 L.Ed. 631.

The second category of cases is those in which some change occurs in a matter which is ancillary to the original controversy upon which jurisdiction has been based. In this group fall the cases in which additional parties have been brought into the litigation through substitution, intervention, or third party practice. The rule that developed in this situation is that if jurisdiction has been once acquired over the primary dispute, it will not be ousted by a subseqeunt change in parties. This conclusion is based upon the reasoning that the court has obtained jurisdiction over the principal issue in the litigation and that the addition of some corollary matter does not destroy its power to try the case. Jurisdiction will not be divested by the intervention of parties whose presence is not essential to an adjudication on the merits. Wichita R. & Light Co. v. Public Utilities Comm., 1922, 260 U.S. 48, 43 S.Ct. 51, 67 L.Ed. 124; Phelps v. Oaks, 1886, 117 U.S. 236, 6 S.Ct. 714, 29 L.Ed. 888; Stewart v. Dunham, 1885, 115 U.S. 61, 5 S.Ct. 1163, 29 L.Ed. 329. Nor will the addition of a third party defendant give rise to a fatal jurisdictional defect where proper diversity existed between the original parties. Division 525, Order of Railway Conductors of America v. Gorman, 8

Cir., 1943, 133 F.2d 273. The same rule applies to a substitution of the parties. Hardenbergh v. Ray, 1894, 151 U.S. 112, 14 S.Ct. 305, 38 L.Ed. 93. And a change of citizenship pendente lite will not result in a remand of the case to a state court. Morgan's Heirs v. Morgan, 1817, 2 Wheat. 290, 15 U.S. 290, 4 L.Ed. 242.

The last classification involves those in which the change in character goes to the very essence of jurisdiction. The cases in this area are those in which removal had been predicated upon the existence of a separable controversy under the old code, Title 28 U.S.C.A. (1946 ed.) Section 71. It was settled law that if one of several defendants removed a case to a federal court upon the basis of a separable controversy as to him, and thereafter the case was dismissed or settled as to the removing defendant, the case was to be remanded to the state court. When the party who supplied the diversity and the separable controversy fell out of the case, the foundation of federal jurisdiction was lost. Only the controversy between citizens of the same state remained. This necessitated remand. St. Paul Mercury Indemnity Co. v. Red Cab Co., 1938, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845, 852; Torrence v. Shedd, 1892, 144 U.S. 527, 12 S.Ct. 726, 36 L.Ed. 528; Texas Transportation Co. v. Selligson, 1887, 122 U.S. 519, 7 S.Ct. 1261, 30 L.Ed. 1150. The existence of these remand problems in the separable controversy cases on an appellate level has now largely been obviated by Title 28 U.S.C.A. Section 1441(c), but the principles used in them remain valid.

The present case falls within the last category. The character of the change which occurred subsequent to its removal was directly correlated to an essential element of jurisdiction. Plaintiff Comstock supplied the diversity of citizenship. When his claim against defendants Morgan and Miller was dismissed with prejudice, all that remained was a controversy between two citizens of Kansas. It is analogous to the situation which existed in the separable controversy cases. Here, as in those cases, the very basis of federal jurisdiction has failed. The foundation upon which the case was brought here has been deleted from the litigation, and unless some other consideration prevents it, it should be remanded.

 There is one further factor to be considered. Defendant Morgan contends that cross-claimant Miller has waived his right to contest jurisdiction because he joined in the petition for removal. It is fundamental that the parties by their actions cannot confer jurisdiction upon a federal court. In American Fire & Casualty Co. v. Finn, 1950, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702, a defendant who had joined in removal later contested an adverse judgment on jurisdictional grounds. The Supreme Court specifically pointed out that the parties cannot work a wrongful extension of jurisdiction by consent. That decision is controlling and dispositive of the present waiver argument.

For the reasons given the case is remanded to the Circuit Court of Jackson County, Missouri, from whence it was removed. It is so ordered.