**John CONLEY, Jr., Plaintiff,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and Delaney Wren, Defendants.**

Civ. No. 72–39.

United States District Court,
M. D. Florida,
Tampa Division.

May 23, 1972.

David A. Maney, and Richard Mulholland, Tampa, Fla., for plaintiff.

R. W. Morrison, of Miller & McKendree, Tampa, Fla., for defendants.

ORDER REMANDING CAUSE TO STATE COURT

HODGES, District Judge.

This case was instituted in the State Courts. On January 25, 1972, State Farm Mutual Automobile Insurance Company (State Farm) filed a timely removal petition in this Court pursuant to 28 U.S.C.A. § 1446. Jurisdiction was predicated upon the separate and independent claim or cause of action provisions of 28 U.S.C.A. § 1441(c). Plaintiff filed a Motion to Remand on May 3, 1972.

This action arises out of an intersectional collision resulting in personal injury to the plaintiff, John Conley, Jr. On December 10, 1971, Conley filed an amended complaint in which he names the individual defendant, Delaney Wren, in Count I and State Farm and Wren in Count II. Apparently Conley is utilizing his right to join Wren's liability insurance carrier under the rules announced in Shingleton v. Bussey, 223 So.2d 713 (Fla.1969); Beta Eta House Corp., Inc. of Tallahassee v. Gregory, 237 So.2d 163 (Fla.1970); and Stecher v. Pomeroy, 253 So.2d 421 (Fla.1971). In those cases, the Florida Supreme Court has recognized that the liability insurance carrier is a real party in interest and can be joined under the provisions of Rule 1.210, Florida Rules of Civil Procedure, 30 F.S.A. Thus, in actions involving an individual and his insurance carrier, a plaintiff is allowed to directly sue the carrier in the Florida Courts. It must be noted at the outset that the rule is judicially imposed and is not the mandate of the Florida Legislature.

Therefore, State Farm, admittedly a foreign corporation, wishes this Court to allow removal, asserting that as a result of the above mentioned decisions, a separate and independent cause of action has been created which gives this Court jurisdiction under 28 U.S.C.A. § 1441(c).

While State Farm has presented an appealing argument, it cannot withstand

analysis either employing its cited authorities or in light of American Fire & Cas. Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951).

After the 1948 amendment to 28 U.S. C.A. § 1441(c), the Supreme Court had occasion to define its limits in the *Finn* case:

"Where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." 341 U.S. at p. 14, 71 S.Ct. at p. 540.

Further defining the jurisdictional limits, the Court stated, at page 11, 71 S.Ct. at page 538:

"A separable controversy is no longer an adequate ground for removal unless it also constitutes a separate and independent claim or cause of action . . . the addition of the word 'independent' gives emphasis to congressional intention to require more complete disassociation between the federally cognizable proceeding and those cognizable only in state courts before allowing removal."

 If the rule is applied to the facts of this case, State Farm's position becomes untenable. Conley seeks recovery against both defendants arising out of a single wrong (the collision). State Farm principally relies upon Rafferty v. Frock, 135 F.Supp. 292 (D.C.Md.1955). In that case, the Court denied a motion to remand where a third party complaint had been filed by the defendant against his insurance carrier. This case is distinguishable in that the coverage question between the defendant and his carrier was separate and distinct from the tort claim of Rafferty. In the case at bar, there is no third party claim but simply the joinder of both the alleged tort feasor and his carrier.

State Farm also relies upon a group of cases which, when closely examined, reveal that there was in fact a separate claim. In Mitchell v. Southern Farm Bureau Casualty Ins. Co., 192 F.Supp.

819 (W.D.Ark.1961), an excess coverage claim was removed to Federal Court because the claim was separate and independent from the tort judgment entered in a prior State Court proceeding. Knight v. First Pyramid Life Insurance Company of America, 256 F.Supp. 32 (W.D.Okl.1966) involved a suit against an insurance company for failure to provide coverage and a separate count against named individuals for invasion of privacy. Clearly, a separate claim or cause of action was stated against the insurance company. Finally, in Hartford Accident & Indemnity Company v. Shaw, 273 F.2d 133 (8th Cir. 1959), the Court, in a footnote, does not clearly indicate why the case was removable but the facts seem to disclose a dispute concerning a lease of equipment on one hand and an insurance coverage question on the other.

For purposes of this opinion, if the Court accepts State Farm's contention that a separate action is now authorized against the carrier, the *Finn* case would still prevent an assumption of jurisdiction because the lawsuit arises out of a single transaction for which a single recovery is sought. In support of this proposition, see Winton v. Moore, 288 F.Supp. 470 (N.D.Okl.1968), where the Court stated, at page 472:

"Defendant Prudential further contends that Plaintiff has stated separate and independent causes of actions against it and Defendant Moore, thus allowing removal of its part of the case or the entire case. While it is true that Plaintiff states one cause of action in tort, against the defendant Moore, and another on the basis of contract, against the Defendant Prudential, only a single recovery is sought. Under these circumstances this case is indistinguishable from American Fire & Cas. Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951)."

In Gray v. New Mexico Military Institute, 249 F.2d 28 (10th Cir. 1957), the Court held that an action against the school and its liability insurer for negli-

gence did not state a separate cause of action against the carrier because Gray sought relief for a single wrong. Also see, Levitt, et ux., v. Ford Motor Company, et al., 215 F.Supp. 913 (E.D.N.Y. 1963); Clarence E. Morris, Inc. v. Vitek, 412 F.2d 1174 (9th Cir. 1969); Smith v. General Motors Acceptance Corporation, 324 F.Supp. 105 (W.D.Mo. 1970); Brumfield v. Stuck, 298 F.Supp. 380 (D.C.Okl.1969).

In summary, Florida now allows the joinder of the insurance carrier as a real party in interest. This fact, however, does not expand this Court's jurisdiction under 28 U.S.C.A. § 1441(c). Conley's asserted cause of action arises out of a single wrong and under the *Finn* case a separate and independent claim or cause of action is not stated. Therefore, Conley's Motion to Remand is well taken and should be granted.