**William E. CALHOUN, Plaintiff,**

**v.**

**Joe R. CALHOUN and Joe Doe, an unidentified hit and run driver; and Thurston Fire and Casualty Insurance Company; and Reliance Insurance Company, Defendants.**

**No. 77–370–C.**

United States District Court,
E. D. Oklahoma.

March 10, 1978.

Jerry L. McCombs, Idabel, Okl., for plaintiff.

Pat Malloy, Tulsa, Okl., for defendants Joe R. Calhoun and Reliance Ins. Co.

Alfred B. Knight, Tulsa, Okl., for defendant Thurston Fire and Cas. Ins. Co.

## ORDER

DAUGHERTY, District Judge.

Plaintiff originally brought this action in the District Court of Pushmataha County, Oklahoma, seeking damages for injuries he allegedly received when an automobile driven by Defendant Joe R. Calhoun (Calhoun), Plaintiff's brother, in which Plaintiff was a passenger, was struck by Defendant John Doe, an unidentified hit and run driver.

Plaintiff's Complaint (Petition) alleges three causes of action. Plaintiff's first cause of action seeks damages in the amount of $80,870.98 plus costs and interest against Defendants Calhoun and John Doe for the injuries he allegedly suffered in the accident caused by the negligence of said Defendants. In his second cause of action, Plaintiff seeks damages in the amount of $5,000.00 plus costs and interest against Defendant Thurston Fire and Casualty Insurance Company (Thurston) under uninsured motorist coverage for Plaintiff as a relative of the named insured in a policy issued by said Defendant to Plaintiff's wife. Plaintiff's third cause of action seeks damages in the amount of $30,000.00 plus costs and interest against Defendant Reliance Insurance Company (Reliance) under uninsured motorist coverage for Plaintiff regarding a policy issued by said Defendant to Defendant Calhoun. Defendants Calhoun and Reliance (diverse Defendants) have removed the case to this Court.

Plaintiff has filed herein a Motion to Remand this case to the Pushmataha County District Court. Said Motion is supported by a Brief and Defendants Calhoun and Reliance have filed a Brief in opposition thereto.

In support of his Motion, Plaintiff contends that this Court does not have diversity jurisdiction of this action as both Plaintiff and Defendant Thurston were Oklahoma citizens at the time this action was brought; that Defendant Thurston was properly joined as a defendant under Oklahoma law and is a necessary and proper party to this action; that the three causes of action alleged by Plaintiff were properly joined under Oklahoma law and are not separate and independent; and that said causes of action could have been pleaded in one cause and were separated only for purposes of clarity and convenience.

In their Brief in opposition to Plaintiff's Motion, Defendants Calhoun and Reliance contend that there has been a misjoinder of parties in this case and Defendant Thurston was made a defendant in this action for the sole purpose of defeating diversity jurisdiction. However, the Court finds that the latter contention is without merit as it has long been established that non-diverse defendants may be joined as parties to an action in order to avoid diversity jurisdiction "provided that there is in good faith a cause of action against those joined." *Mecom v. Fitzsimmons Drilling Co.*, 284 U.S. 183, 52 S.Ct. 84, 76 L.Ed. 233 (1931). No claim has been asserted herein that Plaintiff's cause of action against Defendant Thurston has not been made in good faith. Moreover, the Court is unable to conclude from the record before it that Plaintiff does not have a good faith cause of action against Defendant Thurston. Should the Court remand this case to the Pushmataha County District Court and it is subsequently determined that Plaintiff's cause of action against Defendant Thurston is not in good faith, this case may then be removable.

28 U.S.C. § 1441 provides in pertinent part as follows:

"(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by

the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

. . . . .

(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of actions, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

In order for any action in which there is more than one defendant, one of whom is a citizen of the same state as the plaintiff, to be removable to federal court under 28 U.S.C. § 1441(c), there must be more than one claim or cause of action, and the claim against the non-resident defendant must be separate and independent from the claim or cause of action asserted against the resident defendant. *Willoughby v. Sinclair Oil & Gas. Co.*, 188 F.2d 902 (Tenth Cir.1951); *National Livestock Credit Corp. v. Schultz*, 425 F.Supp. 966 (W.D.Okl.1976). *Knight v. First Pyramid Life Insurance Co.*, 256 F.Supp. 32 (W.D.Okl.1966), considered the meaning of the term "separate and independent claim or cause of action" and stated:

"The test outlined by the landmark case of *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), is as follows: ' * * * where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c).' " 256 F.Supp. at 34.

In applying § 1441(c), the Tenth Circuit said in *Snow v. Powell*, 189 F.2d 172 (Tenth Cir.1951):

"The word 'separate' means distinct; apart from; not united or associated. The word 'independent' means not resting on something else for support; self-sustaining; not contingent or conditioned." 189 F.2d at 174.

*See Gray v. New Mexico Military Institute*, 249 F.2d 28 (Tenth Cir.1957).

Under Oklahoma law, a claim sounding in tort against an uninsured motorist and a breach of contract claim against an insurance carrier by reason of uninsured motorist coverage may be joined in the same action. *Keel v. MFA Insurance Co.*, 553 P.2d 153 (Okl.1976). However the Court must look to the substance of Plaintiff's causes of action to determine the removability issue. *Knight v. First Pyramid Life Insurance Co., supra.*

A careful reading of the Complaint herein reveals that Plaintiff seeks recovery against all Defendants arising out of a single wrong, the automobile accident. *See Conley v. State Farm Mutual Automobile Insurance Co.*, 342 F.Supp. 379 (M.D. Fla.1972). Though it is true that Plaintiff alleges one cause of action in tort against Defendants Calhoun and John Doe and other causes of action in contract against Defendants Thurston and Reliance, Plaintiff is entitled to only one recovery in damages for the wrong alleged herein. A pleading which alleges but one wrong for which singular relief is sought, cannot constitute a separate and independent claim, no matter how many different defendants are said to be liable therefor, or how diverse their basis of liability. *Gray v. New Mexico Military Institute, supra.* Furthermore, Plaintiff's recovery under both his second and third causes of action is contingent upon his proving his first cause of action against the motorists and thus Plaintiff's three causes of action are not "independent" as defined by *Snow v. Powell, supra,* within the meaning of 28 U.S.C. § 1441(c).

In view of the foregoing, it appears that Plaintiff's cause of action alleged against Defendants Thurston and Reliance are so closely related to the primary wrong for which Plaintiff seeks recovery in his first cause of action that the three causes of action are interlocked within the test announced in *American Fire & Casualty Co. v. Finn, supra.* Therefore, as Plaintiff's caus-

es of action may be litigated together, arise out of the same occurrence and have common essential elements, the Court finds and concludes that the three causes of action alleged in Plaintiff's Complaint are not separate and independent within the meaning of 28 U.S.C. § 1441(c).[1] Accordingly, Plaintiff's Motion to Remand should be granted and the Clerk is directed to effect the remand of this case to the Pushmataha County District Court.

---

1. *Knight v. First Pyramid Life Insurance Co., supra,* is distinguishable from the instant case in that *Knight* involved two causes of action (one against an insurance company for failure to provide life insurance coverage and another against named individuals for invasion of privacy) which were unrelated to each other and arose out of completely separate occurrences and for which separate recoveries of damages were sought. Also, there were no common essential elements in the two causes of action alleged by the plaintiff in *Knight* in contrast to the instant case.