Larry G. BULL and Gayle A. Bull, Plaintiffs,

v.

Andrew James GREENWOOD, Michael Scott Lee and State Farm Mutual Automobile Insurance Company, Defendants.

Civ. No. 84–2349.

United States District Court,
W.D. Arkansas,
Fort Smith Division.

June 4, 1985.

William T. Morris, Fort Smith, Ark., for plaintiffs.

Thomas B. Pryor, Fort Smith, Ark., for State Farm Mut. Auto. Ins. Co.

Ernie Witt, Paris, Ark., for Michael Scott Lee.

## MEMORANDUM OPINION

H. FRANKLIN WATERS, District Judge.

### INTRODUCTION

Plaintiffs commenced this action on November 16, 1984, in the Circuit Court of Sebastian County, Arkansas, against the individual defendants and State Farm Mutual Automobile Insurance Company ("State Farm"), plaintiffs' "uninsured motorist" insurance carrier.

Plaintiffs are citizens of the State of Arkansas, as are the individual defendants. Defendant, State Farm, is a citizen of the State of Illinois.

The action arises from an automobile accident which occurred in Fort Smith, Arkansas, on October 29, 1983, involving the plaintiffs' vehicle and a vehicle owned by defendant Greenwood and driven by defendant Lee.

Plaintiffs allege in Count I of their complaint that defendant Lee operated the vehicle in a negligent or reckless manner and that he was either the agent of defendant Greenwood at the time of the accident, or was engaged in a joint enterprise with defendant Greenwood. Plaintiffs also allege

that defendant Greenwood negligently entrusted his vehicle to defendant Lee.

In Count II, plaintiffs state a contractual claim against defendant State Farm based on their "uninsured motorist" coverage under a policy of insurance issued by State Farm on July 3, 1983.

In Count III plaintiffs state what has come to be known as a "bad faith" tort against State Farm, based upon State Farm's "dishonest and oppressive conduct in withholding disability payments when due."

Count III was later dismissed without prejudice upon motion of the plaintiffs on March 25, 1985.

State Farm removed the action to this court by petition dated December 14, 1984, pursuant to 28 U.S.C. § 1441(c).

On May 9, 1985, plaintiffs moved this court to remand the proceedings to state court. Defendant State Farm duly responded and the matter is now ripe for resolution.

### Discussion

28 U.S.C. § 1441(c) states:

(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

State Farm contends that Counts II and III of plaintiffs' complaint are claims which would be removable if sued upon alone, and that Counts II and III are "separate and independent" from the claim asserted in Count I. Therefore, State Farm concludes that the entire case is properly removable and within the removal jurisdiction of this court.

█ Although the "bad faith" tort alleged in Count III of the complaint has now been dismissed, it is clear that in making the "separate and independent" determina-

tion, it is the status of plaintiffs' complaint at the time that the removal petition is filed that controls. *American Fire & Cas. Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951); *In re Carter,* 618 F.2d 1093 (5th Cir.1980); *Her Majesty Industries, Inc. v. Liberty Mutual Ins. Co.,* 379 F.Supp. 658 (D.S.C.1974).

Therefore, for purposes of plaintiffs' motion for remand the court must consider the complaint in its entirety as of December 14, 1984.

It is well settled that the "separate and independent" requirement restricts removal more than the "separable controversy" terminology of former 28 U.S.C. § 71. In *Finn* the Supreme Court made clear that "the addition of the word 'independent' gives emphasis to congressional intention to require more complete disassociation between the federally cognizable proceedings and those cognizable only in state courts before allowing removal." *Finn, supra,* 341 U.S. at 12, 71 S.Ct. at 539.

For purposes of section 1441(c), the court held "that where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action . . . ."

In subsequent cases various courts have further refined the meaning of "separate and independent" in the context of causes purportedly falling within the removal jurisdiction conferred by section 1441(c).

In *Snow v. Powell,* 189 F.2d 172 (10th Cir.1951), the court stated "the word 'independent' means 'not resting on something else for support; self-sustaining; not contingent or conditioned.'" "Separate" was defined as "distinct; apart from; not united or associated." *See also Calhoun v. Calhoun,* 482 F.Supp. 347 (E.D.Okla.1978).

Other courts have made clear that the claims must be *entirely* separate and independent to satisfy the requirements of section 1441(c). *See Her Majesty, supra.*

With regard to Counts I and II of plaintiffs' complaint, plaintiffs allege claims in tort arising from an automobile collision

and a claim *ex contractu* under "uninsured motorists" coverage. The contractual claim seeks recovery for the damages sustained in the automobile collision up to the policy limits. The claim in tort seeks essentially the same form of relief arising from the same event.

In *Calhoun, supra,* the court was faced with an identical situation. The court in *Calhoun* held that causes of action in tort for an automobile collision and causes of action against an "uninsured motorist" carrier sounding in contract based upon damages sustained in the automobile collision are not "separate and independent" for section 1441(c) purposes.

The court has carefully reviewed the holding and reasoning of Judge Daugherty in *Calhoun,* and finds his analysis particularly persuasive and compelling:

A pleading which alleges but one wrong for which singular relief is sought cannot constitute a separate and independent claim, no matter how many different defendants are said to be liable therefor, or how diverse their basis of liability (citation omitted). Furthermore, plaintiff's recovery under both his second and third causes of action is contingent upon his proving his first cause of action against the motorists and thus plaintiff's three causes of action are not "independent" as defined by *Snow v. Powell, supra,* within the meaning of 28 U.S.C. § 1441(c).

*Calhoun, supra,* at 350. *See also Hay v. Gilbert,* 461 F.Supp. 669 (W.D.La.1978).

Therefore, the court concludes that Counts I and II of plaintiffs' complaint do not state "separate and independent" claims under section 1441(c).

Plaintiffs admit this to be correct in their brief filed in support of their motion for remand. Plaintiffs and State Farm go further and agree that plaintiffs' third count constitutes a "separate and independent" claim. Plaintiffs argue, however, that their dismissal of Count III on March 25, 1985, mandates remand because "this court does not now have before it a matter which the federal courts had original jurisdiction."

This proposition is incorrect. Once a case has been properly removed a plaintiff cannot successfully do anything to defeat federal jurisdiction and force a remand. *See St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938); Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3721.

Plaintiffs primarily rely upon *Comstock v. Morgan,* 165 F.Supp. 798 (W.D.Mo.1958), for the contrary assertion. However, careful analysis reveals *Comstock* to be inapplicable to the case at bar.

In *Comstock* a claim jurisdictionally based upon diversity of citizenship was properly removed to federal court. Following removal a cross-claim was asserted between two Kansas defendants. Plaintiff's claim was then dismissed with prejudice, leaving the cross-claim between co-citizens. The district court ordered remand because the jurisdictional foundation had been destroyed.

The instant case presents a different situation. Even with the dismissal of Count III, plaintiffs' action *ex contractu* in Count II continues to be a claim which would be removable if sued upon alone. The problem is not that this court lacks jurisdiction over such a claim, but that it is joined with a nonremovable claim which is not "separate and independent." In *Comstock,* however, after the dismissal of the diversity claim, the only remaining "case" was a state law claim between two co-citizens of which the federal courts would have neither original nor removal jurisdiction. In the instant case, had plaintiffs dismissed both Counts II and III, a situation similar to the one presented in *Comstock* would have arisen.

Thus, the resolution of the issue presented depends upon whether the allegations of Count III constitute a "separate and independent" claim.

The allegations of Count III can be briefly summarized as follows: that State Farm refused to honor plaintiffs' claims; that State Farm refused to consider or investi-

gate their claims; that State Farm conspired with the individual defendants to defeat plaintiffs' claims; that State Farm refused to discuss settlement; that State Farm failed to file an accident report; and that State Farm unjustifiably withheld payment. Plaintiffs seek compensatory damages in the amount of $50,000.00 for emotional distress, and punitive damages of $100,000.00.

Thus, it is arguable that plaintiffs seek recovery for a distinct "wrong" from that alleged in Count I in that they seek to recover for additional mental distress caused by willful conduct not contained in Count I.

In *Frontier Enterprises, Inc. v. ICA Corp.,* 319 F.Supp. 1156 (D.Minn.1970), the court was faced with allegations of breach of contract, fraud, and conspiracy in an action seeking punitive damages arising from the fraud and conspiracy. Because there was but one essential "wrong," and because the claims arose from an interlocked series of events, the court held that the claims were not "separate and independent." The court added that although only one of the defendants "could be held liable to [plaintiff] on the basis of a breach of contract, it still cannot be said that this is a separate and independent claim from those founded on fraud and conspiracy...."

In the instant case, Count I of the complaint sets forth plaintiffs' damages arising from the automobile collision. Count II seeks recovery *ex contractu* for the same injuries and losses up to the policy limits. Count III sets forth additional damages for distress based upon State Farm's "oppressive" conduct in failing to comply with its contractual obligations set forth in Count II.

Therefore, the three claims may fairly be said to be dependent, contingent, and interrelated. Without the occurrence of the automobile accident alleged in Count I, State Farm would have had no duty to perform under the contract alleged in Count II. In the absence of either the collision alleged in Count I, or the duty allegedly arising therefrom set forth in Count II, there could be no claim or cause of action based upon the willful or oppressive failure to perform those contractual obligations, as alleged in Count III.

A "bad faith" insurance tort will not normally stand alone. In order to give rise to this cause of action there must be an underlying event which "triggers" an obligation or liability on the part of the insurer. The insurer must then maliciously or oppressively refuse to honor its obligation. Thus, it follows that a claim based upon an insurance "bad faith" tort is dependent upon and interrelated with any claims arising from the underlying "triggering" event and any contractual obligation "springing" therefrom.

■ Therefore, the court concludes that the claims alleged in plaintiffs' complaint are not "separate and independent" for purposes of section 1441(c).

■ Section 1441(c) is a restrictive statute and is to be strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941) (removal statutes generally); *Illinois v. Kerr-McGee Chem. Corp.,* 677 F.2d 571 (7th Cir.1982); *Bradley v. Maryland Cas. Co.,* 382 F.2d 415 (8th Cir.1967); *First Nat'l Bank of Lake Providence v. American Marine & General Insurance Co.,* 1:181 F.Supp. 285 (E.D.Ark.1960). Several courts require all doubts to be resolved against removal. *Greenshields v. Warren Petroleum Corp.,* 248 F.2d 61 (10th Cir. 1957); *Butler v. Polk,* 592 F.2d 1293 (5th Cir.1979); *Jones v. General Tire & Rubber Co.,* 541 F.2d 660 (7th Cir.1976).

This is doubtless because "[t]he jurisdiction of the federal courts is carefully guarded against expansion by judicial interpretation...." *Finn, supra,* 341 U.S. at 17–18, 71 S.Ct. at 541–42.

... To permit a federal trial court to enter a judgment in a case removed without right from a state court where the federal court could not have original jurisdiction of the suit ... would ... work a wrongful extension of federal jurisdiction....

*Finn, supra,* at 18, 71 S.Ct. at 542.

To do so would occasion an extreme unfairness of exposing the parties to a possi-

bility of obtaining a favorable final judgment in federal court, only to have it determined that the court lacked jurisdiction. *Cowart Iron Works, Inc. v. Phillips Construction Co.,* 507 F.Supp. 740 (S.D.Ga. 1981).

Because a remand to state court pursuant to 28 U.S.C. § 1447(c) is not a reviewable order, *see* 28 U.S.C. § 1447(d), the court has cautiously and carefully reviewed the pending motion and response so as not to erroneously deprive the defendant of a right to a federal forum. *See Gravitt v. Southwestern Bell,* 430 U.S. 723, 97 S.Ct. 1439, 52 L.Ed.2d 1 (1977).

The court concludes that any judgment entered by this court in the pending case would be wholly without subject matter jurisdiction and therefore void.

The court finds and concludes that this "case was removed improvidently and without jurisdiction" within the meaning of section 1447(c), and accordingly, must remand this case to the Circuit Court of Sebastian County, Arkansas, Greenwood District, to be reinstated on that court's docket.

A separate order in accordance herewith will be concurrently entered.