Shellaine BAILEY, Plaintiff,

v.

Rosena SCHOLLER and Safeco Insurance Companies of America, Defendants.

No. CV 83–162–BU–CCL.

United States District Court,
D. Montana,
Butte Division.

March 19, 1986.

Johnson, Skakles & Kebe, Anaconda, Mont., for plaintiff.

Williams Law Firm, Missoula, Mont., for defendants.

## MEMORANDUM AND ORDER

LOVELL, District Judge.

Plaintiff originally brought this suit in state district court. On December 22, 1983, defendant Safeco removed the case pursuant to 28 U.S.C. § 1441(c). Plaintiff subsequently contested this Court's jurisdiction over the subject matter of the action. On April 26, 1984, Judge Hatfield denied plaintiff's motion to remand. Plaintiff now moves the Court to reconsider Judge Hatfield's order. She seeks remand of the case in its entirety or, in the alternative, remand of the claim advanced against defendant Scholler.

This action arises from a July 19, 1983 automobile accident between plaintiff and defendant Scholler, and from certain alleged events occurring subsequent to the accident. Plaintiff advances a separate tort claim against each defendant. In Count I of her complaint, plaintiff alleges that defendant Scholler negligently caused the collision. In Count II, she alleges that defendant Safeco (Scholler's liability insurer) breached its statutory duty under Montana law to handle her insurance claim in good faith. Plaintiff seeks punitive damages from Safeco, alleging that the insurance carrier acted fraudulently, oppressively and maliciously in refusing to settle her claim.

Trial before a jury is scheduled to begin on March 24, 1986. By order dated January 22, 1986, the Court bifurcated trial of the negligence and bad faith claims. The two claims will be separately tried to the same jury, with the bad faith claim against Safeco to follow the negligence claim against Scholler.

On January 30, 1986, plaintiff renewed her motion to remand to the state court. Defendants duly responded, opposing remand. The Court heard oral argument on March 14, 1986 and the matter is now ready for resolution.

## DISCUSSION

Plaintiff and defendant Scholler are citizens of Montana, so there is no diversity between them. Defendant Safeco is a citizen of the state of Washington and diversity exists between that defendant and plaintiff.

The standards for removal jurisdiction are set forth in 28 U.S.C. § 1441. Generally, an action is removable to federal court only if it might have been brought here originally. While 28 U.S.C. § 1441(b) provides that removal of diversity actions is limited to those cases in which none of the defendants is a citizen of the state in which the action is brought that subsection must be read in conjunction with 28 U.S.C. § 1441(c).

Subsection (c) provides that where a separate and independent claim which would be removable is joined with a claim which is not removable, the entire case may be removed, or in its discretion, the Court may remand all matters not otherwise within its original jurisdiction. Since defendant Safeco, a non-citizen of Montana, is the only defendant named in Count II of the complaint, diversity of citizenship has been satisfied.

To comply with 28 U.S.C. § 1441(c), the Court must next determine whether the tort claim against Safeco is "separate and independent" from the negligence claim brought against its insured. Both federal and state law play a part in determining removability under Section 1441(c). Federal law supplies the test as to what is a separate and independent cause of action. State law establishes the nature of the claims in which the federal test is applied. Accordingly, the Court looks to state law to determine the character of plaintiff's claims and then applies federal law to determine whether the claim in question meets the standard set forth in Section 1441(c).

The leading case on this point is *American Fire and Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). It is well settled that the "separate and independent" requirement restricts removal more than the "separable controversy" language of former 28 U.S.C. § 71. In *Finn*, the Supreme Court recognized that "the

addition of the word 'independent' gives emphasis to congressional intention to require more complete disassociation between the federally cognizable proceedings and those cognizable only in state courts before allowing removal." 341 U.S. at 12, 71 S.Ct. at 539. The Supreme Court held "that where there is a single wrong to plaintiff for which relief is sought, arising from an interlocking series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." *Id.* at 14, 71 S.Ct. at 540. To determine if there is a single wrong, the Court must consider whether there was "wrongful invasion of a single primary right of plaintiff," not how many different legal causes of action are alleged. *Id.* at 13, 71 S.Ct. at 540. If all damages come "from a single incident" or all claims involve "substantially the same facts," invasion of a single, primary right is indicated. *Id.* at 16, 71 S.Ct. at 541.

In this case, plaintiff sustained property damage to her vehicle in the collision of July 19, 1983. She alleges that defendant Scholler, who was insured by Safeco, negligently caused the accident. She also seeks to recover from Safeco for its alleged violation of a statutory duty. The theories of recovery are distinct. Do they constitute a single wrong?

The Montana Supreme Court has construed the Unfair Trade Practices section of the state's Insurance Code as conferring upon third-party claimants a separate private cause of action for breach of the duty to handle and settle claims in good faith. *See* Mont.Code Ann. § 33–18–201(6); *Klaudt v. Flink*, 202 Mont. 247, 658 P.2d 1065 (1983). Under Montana law, the duty running from an insurance carrier to a third-party claimant is independent of the insurer's obligation to its insured. In holding that a third-party bad faith claim *could be tried before, after or jointly* with, the underlying negligence claim, the Montana Supreme Court in *Klaudt* stated;

"We see no problems with the possibility of contrary findings in the two actions, the doctrine of res judicata, collateral estoppel or the like because different is-

sues are involved in the two cases. The issue in the action against the insurer for violation of the insurance code is simply an action to determine whether or not the insurer violated its duty of fair dealing in settlement negotiations with the claimant, while the action to determine the ultimate liability of the driver rests on considerations of negligence and comparative negligence.

"The obligation to negotiate in good faith and to promptly settle claims does not mean that liability has been determined. Section 33–18–201(6) states that the insurer's obligation arises when liability has become 'reasonably clear.' In evaluating the insurance case, the jury must determine whether the insurer negotiated in good faith given the facts it then had. This consideration is separate and apart from the jury's ultimate consideration of the merits of any given action."

658 P.2d at 1067–68 (emphasis added).

■ Upon review of *Finn*, supra, and related federal case authority, I believe that the nature of plaintiff's bad faith claim against Safeco, as defined by state law, renders it separate and independent from the negligence claim advanced against Scholler. Plaintiff alleges that two separate wrongs have occurred, for which she may recover two distinct damage awards against two entirely different parties. The claim against Safeco, while somewhat related to the question of Scholler's negligence, primarily involves the insurer's conduct and other events occurring after the automobile accident. Bad faith may be established even in the absence of a determination that Scholler was negligent. For the purposes of 28 U.S.C. § 1441(c), these claims are separate and independent. They constitute multiple claims—not a single wrong. I conclude that removal of this case pursuant to § 1441(c) was proper and that the Court does have subject matter jurisdiction.

Plaintiff's reliance on *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174 (9th Cir. 1969), and *Bull v. Greenwood*, 610 F.Supp. 874 (W.D.Ark.1985), is misplaced. In *Vi-*

*tek,* the Court of Appeals held that claims against a principal and a surety for wrongful attachment of plaintiff's property were not separate and independent. 412 F.2d at 1176. Plaintiff's claims in *Vitek* arose from a single source—the wrongful attachment of property—for which a single recovery could be obtained no matter how many defendants shared liability. Here, plaintiff's claim against Scholler arises out of the automobile accident, and her claim against Safeco arises out of events that occurred subsequent to the collision. Plaintiff's potential recovery of punitive damages against Safeco is also entirely separate from her potential recovery from Scholler for property damage to her vehicle.

In *Bull,* the District Court held that plaintiff's claims against an uninsured motorist insurer under contract and for bad faith withholding of payment did not state separate and independent claims from that against the other driver involved in the accident at issue therein. 610 F.Supp. at 877. *Bull,* however, is a decision rendered in the District of Arkansas and does not provide guidance as to the nature of plaintiff's Montana tort law claims. Further, *Bull* involved plaintiff's allegations of first-party bad faith against his own insurance carrier, not the type of third-party bad faith claim at issue in this case.

■ I now turn to plaintiff's alternate motion to remand only the negligence claim against Scholler. Such remand is in the Court's discretion, although the motion is hardly timely. In exercising that discretion, I am mindful of the reluctance of federal courts to split actions so that one part is in federal court and the remaining part is remanded to state court. In the instant case, the interests of justice would be best served by retention of jurisdiction over the negligence claim. The Court, therefore, will continue ancillary federal jurisdiction over the tort claim brought against the non-diverse defendant.

This determination promotes judicial economy. *See,* e.g., *Seymour v. A.S. Abell Co.,* 557 F.Supp. 951 (D.Md.1983); *Leinber-*ger v. Webster,* 66 F.R.D. 28 (E.D.N.Y. 1975). Discovery is completed. Trial is less than one week away. All pretrial motions have been resolved. The jury has been ordered to report. Both parties are ready for trial. Remand of one claim would result in unnecessary delay and expense for the parties and the state district court.

For these reasons removal was proper, and

IT IS ORDERED that plaintiff's motions to remand are DENIED.