Nicole THOENDEL, By and Through her mother and next friend, Judith THOENDEL, Plaintiffs,

v.

Raymond HOLLAND, Vanguard Insurance Company, and State Farm Mutual Automobile Insurance Company, Defendants.

No. CIV–87–816–D.

United States District Court, W.D. Oklahoma.

June 29, 1987.

Steven Parker, Tecumseh, Okl., for plaintiff.

Larry Ottaway and James Hill, Oklahoma City, Okl., for defendants Holland and Vanguard.

Brian Dell, Oklahoma City, Okl., for defendant State Farm.

## ORDER

DAUGHERTY, District Judge.

On April 1, 1987, the Plaintiffs herein filed an action in the District Court of Pottawatomie County, State of Oklahoma, against the three Defendants named above. The lawsuit resulted from a collision which occurred between the Plaintiffs in their car and a steer allegedly owned by the Defendant, Raymond Holland. Defendant Vanguard Insurance Company is the insurer of Defendant Holland. Defendant State Farm Mutual Automobile Insurance Company is the insurer of Plaintiffs. The Plaintiffs request damages for personal injuries, pain and suffering, damage to the Plaintiff Judith Thoendel's automobile, rental expense, and a recovery against the Defendant State Farm for the alleged failure of said Defendant to act in good faith toward its insured by not paying collision benefits under its policy. Plaintiffs also seek punitive damages against State Farm.

The Defendant State Farm removed the case to Federal Court, on the grounds that it is incorporated in the State of Illinois and has its principal place of business in Illinois, the Plaintiffs herein are citizens of the State of Oklahoma, the jurisdictional amount is present and apparently that a separate and independent cause of action exists between Plaintiffs and this removing Defendant. The Plaintiffs have moved to remand the case to the District Court of Pottawatomie County for the reason that diversity jurisdiction does not exist between all Plaintiffs and all Defendants as required by 28 U.S.C. Section 1332, in that Defendant Raymond Holland is a citizen of Oklahoma. In their response to the Plaintiffs' Motion to Remand, Defendant State Farm asserts that Plaintiffs' claim against it is separate and independent from that against the other Defendants, is removable under 28 U.S.C. Section 1441(c), and thus should be retained by this Court for determination.

It is the position of Defendant State Farm that the Plaintiffs' claims against Holland and his insurer and against State Farm are separate and independent, in that the Plaintiffs' claim under their own insurance policy will not bring into question the fault of Defendant Holland, and thus such claim has very little connection with the claims against Defendant Holland and his insurer. State Farm cites the case of *Calhoun v. Calhoun*, 482 F.Supp. 347 (E.D. Okla.1978) in support of this position.

State Farm correctly states that *Calhoun* holds that under 28 U.S.C. Section 1441(c), the claim against the nonresident defendant must be separate and independent from the claim or cause of action asserted against the resident defendant in order for that portion of the claim to be properly removed. In the *Calhoun* case, however, the cause of action was remanded to the State Court on the grounds that the causes of action involved were not sufficiently distinct to be deemed separate and independent under 28 U.S.C. Section 1441(c). Though there are some differences in the fact situation between the *Calhoun* case and the case at bar, the underlying rationale of *Calhoun* is applicable in this case and the ultimate result is the same.

In *Calhoun*, the Plaintiffs brought a cause of action against an uninsured motorist for damages and also sued their own insurance company for uninsured motorist coverage. The Court held that:

"A careful reading of the Complaint herein reveals that Plaintiff seeks recovery against all Defendants arising out of a single wrong, the automobile accident.... Though it is true that Plaintiff alleges one cause of action in tort against Defendants Calhoun and Joe Doe and other causes of action in contract against Defendants Thurston and Reliance, Plaintiff is entitled to only one recovery in damages for the wrong alleged herein."

As in the *Calhoun* case, the claims against all of the Defendants in the case at bar arise out of the same automobile accident. Though different theories may be involved in the various claims, none of the claims are so distinct as to be deemed separate and independent for removal purposes. The Plaintiffs in the case at bar are suing their insurance carrier under the collision

section of the policy rather than for uninsured motorist coverage, but this difference is not significant. The Plaintiffs would still be allowed only one recovery for collision damages, whether recovered from their insurance carrier or from Defendant Holland.

The Plaintiffs' claim against State Farm for bad faith refusal to settle is more difficult, in that any recovery of punitive damages would be in addition to any recovery against Holland or under the State Farm policy itself. The separability for removal purposes of a bad faith tort claim against an insurance carrier from a claim against the same insurance carrier for uninsured motorist coverage was dealt with in the case of *Bull v. Greenwood*, 610 F.Supp. 874 (W.D.Ark.1985), in which the District Court for the Western District of Arkansas held that such claims were not separate and independent for removal purposes and thus remand to the State Court was appropriate. The facts in *Bull* are similar to those in *Calhoun* with the addition of a bad faith tort claim against the insurance carrier, as in the case at bar. The District Court of Arkansas cited the *Calhoun* case with approval and went on to hold that the addition of the bad faith tort claim would not change the fact that all wrongs to Plaintiff arose from an interlocked series of transactions, citing *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). The Court in *Bull* stated that:

> "A bad faith insurance tort will not normally stand alone. In order to give rise to this cause of action, there must be an underlying event which 'triggers' an obligation or liability on the part of the insurer. The insurer must then maliciously or oppressively refuse to honor its obligation. Thus, it follows that a claim based upon an insurance 'bad faith' tort is dependent upon and interrelated with any claims arising from the underlying 'triggering' event and any contractual obligation 'springing' therefrom." *Bull* at 877.

The holding of the *Bull* case is a logical extension of the reasoning in *Calhoun*, and is clearly applicable to the case at bar. An opposite result was reached in the case of *Bailey v. Scholler*, 670 F.Supp. 337 (D.Mont.1986), but the *Bailey* case can be distinguished in that a Montana State statute was involved in Plaintiff's bad faith claim which was not against Plaintiff's own insurance carrier, as here and in *Bull*, but against the Defendant tort feasor's insurance carrier. Also, see *Carpenter v. Illinois Cent. Gulf R. Co.*, 524 F.Supp. 249 (M.D.La.1981), which concludes for removal purposes that "Claims arising out of a single car accident are 'not separate and independent' within the meaning of 1441(c)."

In conclusion, Defendant State Farm's argument that Plaintiffs' claim against it is separate and independent and should be retained by this Court is not persuasive. The Plaintiffs' claims involve an interlocked series of transactions arising out of the same incident, and in the circumstances of this litigation should be dealt with by the same Court.

Accordingly, the case is remanded to the District Court of Pottawatomie County for further proceedings.