Glenna FROMKNECHT, Plaintiff,

v.

BRAYSON DEVELOPMENT CORP., Defendant and Third–Party Plaintiff,

v.

HOME BUYERS WARRANTY CORPORATION, II, Third–Party Defendant.

Civ. A. No. 1:89–CV–2669–JOF.

United States District Court,
N.D. Georgia,
Atlanta Division.

March 30, 1990.

Cary Stuart King, Blackburn, Shuster, King & King, Atlanta, Ga., for plaintiff.

Dean Arthur Williams, Hudspeth & Benedict, Norcross, Ga., for defendant and third-party plaintiff.

Thomas Bart Gary and James Jeffries Hopkins, Drew, Eckl & Farnham, Atlanta, Ga., for third-party defendant.

## ORDER

FORRESTER, District Judge.

This matter is before the court on plaintiff's motion to remand. 28 U.S.C. § 1447(c). This action was removed from the Superior Court of Gwinnett County, Georgia on November 28, 1989 pursuant to 28 U.S.C. § 1441 and § 1446. For the reasons discussed below, the motion to remand is GRANTED.

### I. STATEMENT OF THE CASE.

Plaintiff, a citizen of Georgia, filed suit in the Superior Court of Gwinnett County against Brayson Development, also a citizen of Georgia, on February 22, 1989, alleging that Brayson was negligent in the design and construction of her home. On April 6, 1989, Brayson answered and filed a third party complaint against Home Buyers Warranty, (HBW), a citizen of Colorado, contending that HBW was liable to it for all or part of the plaintiff's claim. Brayson alleged that HBW issued a warranty to the plaintiff which was paid for by Brayson, and that Brayson was a third party beneficiary of the warranty. The warranty was alleged to require HBW to repair defects in the home on demand of the plaintiff, but that the repairs were not done or were completed improperly. Plaintiff subsequently amended the complaint in July, 1989 to allege fraud and breach of implied warranty in regard to some attempted repairs.

In November, plaintiff asserted claims directly against HBW for the first time. Count I alleged HBW breached the warranty contract by denying claims made under the policy. Count II sought recovery for bad faith, because HBW concealed an engineer's report from plaintiff, and denied the claim even though it had two engineer's reports of damage. Count III alleged HBW concealed the engineer's report to misrepresent the extent of damage to her home and caused her emotional distress and physical injuries and damage to her property. Count IV contends that because of HBW's misrepresentation that her home was not "unsafe, unsanitary or unlivable," she was unable to have her home repaired and she suffered additional damage to her home and additional emotional distress and physical injuries. Plaintiff seeks punitive damages on Counts III and IV, as well as compensatory and statutory bad faith damages on Counts I and II.

### II. DISCUSSION.

HBW's petition of removal relied on 28 U.S.C. § 1441 in support of its ability to remove the action. It is clear that complete diversity does not exist and one defendant is a resident of this state, see 28 U.S.C. § 1441(b), so removal can be premised only on § 1441(c). 28 U.S.C. § 1441(c) provides,

> Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

Removal is a statutory right and the case must be shown to fit into the statutorily enumerated class of action. *Toyota of Florence, Inc. v. Lynch,* 713 F.Supp. 898, 900 (D.S.C.1989). Removal statutes must be read narrowly to comply with congressional intention to restrict removal, and therefore, doubts about the propriety of removal should be resolved against removal. *Id.; Moore v. United Services Auto. Ass'n,* 819 F.2d 101 (5th Cir.1987); *Paxton v. Weaver,* 553 F.2d 936, 938, 941 (5th Cir.1977). In deciding whether a removal was proper, and consequently, whether this court has subject matter jurisdiction, the court must look to the plaintiff's pleading at the time the petition for removal was filed. *American Fire and Casualty Co. v. Finn,* 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1951); *Paxton,* 553 F.2d at 938. The party asserting removal has the burden of showing removal

is proper. *Toyota of Florence, Inc.*, 713 F.Supp. at 900.

■ The seminal case on the interpretation of § 1441(c) is *American Fire and Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). In that case, the Supreme Court pointed out that the section was meant to limit removal from the state courts. *Id.* at 10, 71 S.Ct. at 538. The court concluded, "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." *Id.* at 14, 71 S.Ct. at 540. This rule "significantly restricts" the definition of separate and independent claims. *Belasco v. W.K.P. Wilson & Sons, Inc.*, 833 F.2d 277, 282 (11th Cir.1987). The First Circuit, in a case that examined the history of this section and the court's analysis in *Finn*, pointed out that this single wrong was the "singularity of harm the plaintiff sought to remedy, not the several reasons she gave to show her legal entitlement to that remedy." *New England Concrete Pipe Corp. v. D/C Systems of New England, Inc.*, 658 F.2d 867, 872 (1st Cir.1981). That case also pointed out that the "single wrong" rule is not the exhaustive test for § 1441(c). Rather, the determining factor, "however many wrongs may comprise a particular suit, is whether those wrongs arise from an interlocked series of transactions, that is, whether they substantially derive from the same facts." *Id.* at 874, n. 12. The number of legal theories asserted by the plaintiff is irrelevant to whether a single wrong has occurred. *Addison v. Gulf Coast Contracting Services, Inc.*, 744 F.2d 494, 500 (5th Cir.1984). "[C]laims are not 'separate and independent' merely because the complaint contains separate prayers for relief, alternative prayers for relief, multiple theories of recovery, or separate

counts." *American Mutual Liability Ins. Co. v. The Flintkote Co.*, 565 F.Supp. 843, 848 (S.D.N.Y.1983) (citations omitted). There must be a fairly complete disassociation between the claims, and the claims must be both separate *and* independent. *Addison*, 744 F.2d at 500.

■ HBW contends the claims against it are separate and independent from the claims against Brayson. Plaintiff relies on a line of cases holding that claims against insurers for recovery on a primary loss and for bad faith refusal to pay are not separate and independent. *Moore*, 819 F.2d at 101; *Thoendel v. Holland*, 663 F.Supp. 77 (W.D.Okla.1987): *Johnson v. Allstate Ins. Co.*, 633 F.Supp. 43 (S.D.Ala.1986); *Bull v. Greenwood*, 610 F.Supp. 874 (W.D.Ark. 1985).[1] These cases generally are based on two considerations. First, the injured party has suffered only one wrong, the failure to pay for his injuries, whether the insured or the insurer pays. Second, liability of the insurer is dependent or contingent on the liability of the insured or at least on an underlying triggering event that is common to both claims. The fact that one claim is based on tort and the other on contract is not relevant.[2] This reasoning is persuasive. In this case, liability of either Brayson or HBW is dependent on whether the home was defective, and recovery is sought to repair the home to its proper condition. The complaint is for a single wrong.

Defendant points to *Boggs v. Lewis*, 863 F.2d 662 (9th Cir.1988), in which the majority of the panel held that the failure of the insurer to pay is separate and, under Montana law, independent.[3] It is therefore distinguishable from the present case, as there is no showing of the independence of the claim under state law. Moreover,

---

**1.** See also *Belasco*, 833 F.2d at 278. Though this case primarily addressed ERISA preemption, the court held that removal was not proper under § 1441(c). Plaintiffs brought claims against an insurance company and a broker on claims for medical benefits, and claims of bad faith and fraud against the insurance company. The court did not discuss in any detail the claims, but found that like *Finn*, the case involved a single wrong arising from an interlocking series of transactions. *Id.* at 282.

**2.** On this point see also *Paxton*, 553 F.2d at 936.

**3.** The dissent in *Boggs* stated that the claim was partially contingent and based on an interlocking series of transactions and therefore should not be considered separate and independent.

*Boggs'* analysis runs contrary to the reasoning in *Finn,* as the plaintiff suffered one loss, even though legal bases for the actual claims for relief were distinct. Compare *Moore,* 819 F.2d at 101.

Defendant also relies on *Bailey v. Scholler,* 630 F.Supp. 337 (D.Mont.1986), *Thornton v. Allstate Insurance Co.,* 492 F.Supp. 645 (E.D.Mich.1980), and *National Savings & Loan Association v. St. Paul Fire and Marine Insurance Co.,* 84 F.R.D. 425 (E.D. Wisc.1979).[4] All three cases have been criticized as being contrary to *Finn* and the great weight of authority. *See, e.g., New England Concrete Pipe,* 658 F.2d at 873 (criticizing *Thornton* ); *Alfalfa Cubes, Inc. v. Dutton,* 618 F.Supp. 1425 (D.Kan.1985) (criticizing *Thornton* and *National Savings & Loan Association* as contrary to Tenth Circuit precedent and *Finn* ). Moreover, *Bailey* relied on Montana law, as did *Boggs,* and therefore is inapplicable to the present situation. Plaintiff's claims for breach of contract and bad faith refusal to pay are not separate and independent and cannot support removal under § 1441(c).

Defendant contends that Counts III and IV are separate and independent as they assert a separate claim for relief for fraud. However, the facts alleged in those counts also were alleged in the breach of contract counts, and assert additional legal basis for the failure of HBW to pay under the warranty. Even if they are not identical, these claims are factually connected to the contract claims. See *Toyota of Florence,* 713 F.Supp. at 898, where the allegedly separate and independent claims were based on the same facts and related back to the main claims. Because there was a single economic injury, and the claims arose from and interlocked series of transactions, removal was improper.

Similarly in the present case, Counts III and IV, though alleging a different legal theory, still seek to recover for the same basic injury. Also, it is obvious that the claims arise from and interlocked series of transactions and relate back to other non-separate claims. This connection is made more obvious by Brayson's third-party complaint against HBW, which relies on the same warranty provision that is involved in plaintiff's claims against HBW. The fraud claims are not sufficiently disassociated from the other claims.

## III. CONCLUSION.

This action is one that is based on an interlocking series on transactions. The claims against HBW are not separate and independent under 28 U.S.C. § 1441(c) and removal was improper. The plaintiff's motion to remand is GRANTED. This case is hereby REMANDED to the Superior Court of Gwinnett County pursuant to 28 U.S.C. § 1447(c). The remaining motions need not be considered.

SO ORDERED.

---

**4.** Defendant's reliance on *Peturis v. Fendley,* 496 F.Supp. 203 (S.D.Ala.1980) is unhelpful, as the claims involved were clearly based on different facts and transactions.